## STATE v. WAY.

1. EVIDENCE—RES GESTAE.—Rule for admission of evidence as part of *res gestae* stated.

2. IBID.—DECLARATIONS.—Where State has offered declarations of defendant, it is usually proper to permit defendant to show the whole of the conversation at that time, but here there was no prejudice to defendant as evidence of State showed substantially same declarations as defendant sought to prove.

3. CHARGE.—Statement of matter in evidence in hypothetical form or of legal conclusion if jury should find certain facts, or of an undisputed fact, is not a charge on the facts.

5. REASONABLE DOUBT—SELF-DEFENSE—PREPONDERANCE OF EVIDENCE.— It is not error to instruct jury when plea of self-defense is relied on it must be proved by preponderance of evidence without then adding upon whole case defendant was entitled to every reasonable doubt, where such instruction is afterwards sufficiently charged.

Before GARY, J., Orangeburg, September. 1906. Affirmed.

Indictment against Jefferson W. Way for murder of John D. Palmer. Defendant appeals.

*Messrs. Wolfe & Berry,* for appellant, cite: *Evidence excluded was admissible as part of res gestae:* 24 Ency., 676-7; 13 S. C., 459; 47 S. C., 13. *Error to charge the plea of self-defense must be established by preponderance of evidence without further limitation:* 29 S. C., 4; 68 S. C., 317; 5 Ency., 33, 39.

*Solicitor P. T. Hilderbrand,* contra, cites: *Self-serving declarations are never admissible:* 41 S. C., 530. *What is necessary to make out plea of self-defense:* 59 S. C., 297; 71 S. C., 146; 38 S. C., 333.

February 9, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendant was indicted and tried at September Term, 1906, of General Sessions for

Orangeburg County, for the murder of John D. Palmer at Orangeburg, S. C., on July 9th, 1906, and the jury found him guilty with a recommendation to mercy, whereupon he was sentenced to life imprisonment in the penitentiary.

The first question presented by his appeal to this Court, raised by the first, second and third exceptions, is whether the Court erred in excluding certain testimony offered by the defense through its witness, E. O: Hoover. This witness was asked by defendant's counsel to state what the defendant said immediately after the shooting. The testimony was excluded on the Solicitor's objection. The defendant's counsel contended that the testimony was admissible as a part of the *res gestae,* and in direct reply to the testimony of the State's witnesses, Boliver and Thomas, who testified as to statements made by defendant immediately after the shooting.

In order to render declarations admissible as a part of the *res gestae,* the rule is that the declarations must be substantially contemporaneous with the litigated transaction and be the instinctive, spontaneous utterances of the mind under the active, immediate influence of the transaction, the circumstances precluding the idea that the utterances are the result of reflection or design to make false or self-serving declarations. *State* v. *McDaniel,* 68 S. C., 310, 47 S. E., 384. If the declaration is a mere narrative of a past occurrence, it is not admissible as *res gestae.* *State* v. *Taylor,* 56 S. C., 369, 34 S. E., 969. As stated in *State* v. *McDaniel, supra,* questions of this kind must be largely left to the sound discretion of the trial Judge, who is compelled to view all the circumstances in reaching his conclusion, and this Court will not review his ruling unless it clearly appears from undisputed circumstances in evidence that the testimony ought to have been admitted or rejected, as the case may be. The Circuit Judge, in his view of the circumstances, regarded the utterance as a mere self-serving declaration, and we cannot say that he erred in so doing. The witness, Thomas, had testified in behalf of

the State that, shortly after the shooting, defendant came out of his store, where the difficulty occurred, into the street, and said: "There it is, I have killed John Palmer. I had to do it. He came in my store and cursed me for a damn liar and shot at me twice," and then he turned to his wife, who was walking in front of the store wringing her hands, and asked her if that was true, and she said, "Yes." Col. D. O. Herbert, for the State, had testified that he saw defendant running out of his store on the sidewalk with his pistol in his hand, and that he declared, "I had to do it, gentlemen; I had to do it in self-defense. He was trying to kill me and I had to do it to save my life," that defendant went in the store, behind the counter, and said, "I had to do it. He ran me behind the counter and was shooting at me," and that defendant showed the witness how he was crouching behind the counter.

Henry E. Boliver, witness for the State, had testified that he was across the street from the store of defendant, that when defendant came to the door of his store a few seconds after the shooting, he said, "He called me a damn liar, and I shot him in self-defense." This witness, however, stated that defendant may have said something more which he failed to hear.

Now, counsel for defendant wished to show by the witness, Hoover, that defendant said that deceased had cursed him and shot at him twice, and he had to shoot deceased in self-defense. While it is true that when the State has offered testimony as to the declarations of the defendant concerning the homicide, it is competent for defendant in reply to show the whole of the declarations made at that time, it is perfectly manifest that the exclusion of the testimony in this instance could not have prejudiced defendant, as the testimony for the State showed clearly that substantially the same declarations had been made by defendant.

The fourth exception raises the question whether the presiding Judge charged in respect to matters of fact, in viola-

tion of the Constitution, in instructing the jury in these words: "If a man calls another a damned liar or some other vile epithet and he strikes and kills him, the law does not recognize that as a sufficient legal provocation." It is contended that this was a charge on the facts, because it was in the testimony that the deceased called defendant a damned liar just before he was killed. If the charge be construed as an allusion to matter in testimony, it was put in hypothetical form and was not in violation of the rule declared in *Norris* v. *Clinkscales*, 47 S. C., 489, 25 S. E., 797. The charge was a mere statement of a legal conclusion which would result if the jury found certain facts. *Kean* v. *Landrum*, 72 S. C., 563, 52 S. E., 421. Besides, it was undisputed that the deceased did apply the epithet in question to the defendant at the time of the homicide.

The fifth exception alleges that the presiding Judge erred in charging the jury that the defendant must establish the plea of self-defense by a preponderance of the evidence; whereas, he should have charged in that connection that the State was bound to prove every material allegation of the indictment beyond a reasonable doubt.

At the conclusion of the charge, the jury were most explicitly instructed that the State must prove its case beyond a reasonable doubt, and that the defendant must be given the benefit of any reasonable doubt on any material fact in the case. The precise point has been ruled against appellant in *State* v. *Way*, 38 S. C., 346, 17 S. E., 39, which held that in charging, "When self-defense is pleaded it must be proved by the preponderance of the evidence," there was no error in failing to add that upon the whole testimony the defendant was entitled to every reasonable doubt, when such instruction was afterwards sufficiently charged.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.