7212

## STATE v. GIBSON.

1. Issues—Harmless Error.—Whether a coupon bond in a cancelled condition is negotiable is for Judge, and his failure to construe it is not error in absence of showing of prejudice to appellant.

2. Character—Reputation.—Even if the character of a defendant be regarded as attacked by charging him with the commission of a heinous offense, it is not prejudicial error to refuse to permit witnesses who have testified his reputation is good to answer whether on that reputation they would believe him on oath.

3. Evidence of Accomplice—Charge.—It is not error to omit to charge jury it is not safe to convict on uncorroborated evidence of an accomplice, in absence of request to that effect.

4. Charge.—Colloquy among foreman of jury, counsel and Judge as to certain evidence held not to be prejudicial and not on facts.

5. Ibid.—Omission to charge as to effect of good character in absence of request not error.

6. New Trial.—Reasons assigned by trial Judge in refusing motion for new trial on ground that defendant had no knowledge that bonds were stolen held satisfactory to this Court.

7. Rehearing refused.

Before PRINCE, J., Richland, Spring term, 1907. Affirmed.

Indictment against Thomas J. Gibson for receiving stolen bonds. The trial Court, in refusing the motion for new trial, on the ground that defendant did not know the bonds were stolen, said: "As to the point whether Gibson had guilty knowledge at the time he received the stock, I confess that has given me a great deal of concern, for if I could have any honorable way to see my way around this matter without in some manner compromising my honor, I should have cheerfully taken it. That question of fact has been squarely and fairly submitted to the jury, and while the verdict in its consequences wrung my heart, and while I would cheerfully as a mere matter of feeling and sentiment grant this motion on that ground, I can not do it as a matter of judgment and stand at the bar of my own conscience

and say I do not think there was testimony to justify the verdict. I will not give my reasons for making that statement, because, if I have committed any error in law, there may be a new trial in this case and I would not have any inference that I have drawn from the facts used to the prejudice of the defendant in case he secures a new trial."

From sentence on verdict, defendant appeals.

*Messrs. Andrew Crawford, Clark & Clark* and *Logan & Edmunds,* for appellant. *Messrs. Logan & Edmunds* cite: *Negotiability of bond is for Court:* 78 S. C., 269. *Defendant was entitled to give evidence of his good character and reputation for truth:* 1 N. & McC., 268; 3 Rich., 362; Green. Ev., sec. 461; 1 Rice Dig., 439; 1 Hill, 251; 2 S. C., 203; 1 Hill, 251. *Charge as to effect of good character should have been given:* 25 S. C., 175; 3 Strob., 526; McLain on Cr. L., sec. 716; 34 Ill., 516. *Uncorroborated evidence of accomplice:* 26 S. C., 198; 11 S. C., 275; 15 S. C., 437; 1 Green. Ev., sec. 380. *Repeating testimony is charge on facts:* 49 S. C., 483, 488, 550; 50 S. C., 161; 53 S. C., 67; 56 S. C., 529; 68 S. C., 162. *No guilty knowledge:* 80 S. C., 368.

*Solicitor Christie Benet* and *Messrs. James E. Davis* and *J. Wm. Thurmond,* contra.

The opinion in this case was filed on May 11, 1909, but remittitur held up on petition for rehearing until

June 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was tried under an indictment charging him with receiving stolen goods, knowing them to be stolen, and the jury rendered a verdict of guilty, with a recommendation to mercy; whereupon he

was sentenced to imprisonment in the penitentiary for six months.

He appealed upon exceptions, the first of which assigns error on the part of his Honor, the presiding Judge, in ruling that the defendant's question to the witness, J. F. Lyon, "If these cancellation marks were not on it would it be a negotiable bond or not?" was incompetent, and in not permitting the witness to answer the same. The Circuit Judge properly ruled that the construction of the written instrument presented a question to be determined by the Court and not by the jury.

The second question raised by the exceptions is whether the presiding Judge erred in failing to construe the said bond. In the first place, the record does not disclose the fact that he was requested to construe the bond; and, in the second place, it has not been made to appear that such failure was prejudicial to the rights of the appellant.

The third exception raises the question whether the presiding Judge erred in refusing to permit the defendant's witnesses, after they had testified, that they knew his general reputation for honesty and integrity, and that it was good, to answer the following interrogatory: "From that reputation would you believe him on oath?" The reason assigned by the Circuit Judge for this ruling was that the reputation of the defendant for veracity was not attacked.

The case of *Sweet* v. *Gilmore*, 52 S. C., 530, 534, 30 S. E., 395, shows that when it is sought to impeach the credibility of a witness the impeaching witness may be asked, "What is the general character of the witness, good or bad?" And if he answers that the character is bad, then he may be asked, "Would you believe him on his oath?" And the case of *Chapman* v. *Cooley*, 12 Rich., 654, decides that the character of a witness can be defended by evidence only, when it is directly assailed by evidence.

Even, however, if it should be conceded that the character of a defendant is attacked, when he is charged with a crime involving moral turpitude, and that, ordinarily, he should be allowed to introduce testimony as to his reputation for veracity, nevertheless we fail to discover in what respect the ruling of the presiding Judge was prejudicial to the appellant, when he was allowed to offer testimony (which was uncontradicted) that his reputaiton for honesty and integrity was good. If he was a man of integrity, that fact reasonably tends to show that he was worthy of belief under oath. This ruling also disposes of the fourth exception.

The fifth assignment of error is because the presiding Judge failed to instruct the jury that it was not safe to convict the defendant on the uncorroborated evidence of an accomplice. This ground can not be sustained for the reason, if for no other, that the presiding Judge was not requested to make such a ruling.

The sixth exception is as follows: "Because his Honor erred, it is respectfully submitted, in response to a question by the foreman: 'The Foreman: One of the jurors desires to know if the bond sent to Washington is the last bond that was stolen,' in charging as follows:

"The Court: 'I can not tell you; there is nothing in the evidence to show, unless counsel can agree about that.'

"Solicitor Davis: 'The question is, that these two were the last that were stolen.'

"Mr. Crawford: 'There is no evidence on that, as to that Washington bond.'

"The Court: 'My recollection is—but the jury must go by their own recollection of the testimony—my recollection of the testimony is—if I state it wrongly you gentlemen can correct me, and if there is any dispute I will have it read—that Mr. Zimmerman said that Mr. Gibson handled all those $12,000.00 bonds except one $500.00, which was sent to

Washington, and he did not say when he took that $500.00 bond.'

"Mr. Crawford: 'Mr. Gibson says, in answer, that he bought only six bonds from him.'

"The Court: 'The only testimony as to the Washington bond is from Mr. Zimmerman, and that is what he said about it, and that is all that he did say as to that bond.'

"Error being: (a) That such charge constituted a charge on the facts, in violation of the provisions of the Constitution of the State of South Carolina. Art. V, sec. 26, Const. 1895.

"(b) That in so doing his Honor undertook to and did state to the jury the testimony, in violation of the provisions of the Constitution of the State of South Carolina, above referred to."

We fail to see wherein the remarks of the Circuit Judge were prejudicial to the rights of the defendant.

The seventh and eighth exceptions are too general for consideration.

The ninth exception assigns error on the part of the presiding Judge in refusing to grant the motion for a new trial, on the ground that "it is nowhere proven that those were the bonds that were stolen" (referring to the bonds described in the indictment). The appellant's attorneys did not argue this exception, and we deem it only necessary to state that it is without merit.

The tenth exception assigns error in failing to charge the jury as to the effect of the defendant's good character. The presiding Judge says: "I recall that counsel did, in arguing the case to the jury, turn to me and call my attention to that law, but I forgot it when I was charging the jury." A request should have been presented in accordance with the requirement of the rule of Court.

The eleventh exception assigns error on the part of the presiding Judge in refusing to grant the motion for a new trial, on the ground that he failed to charge the jury that

the uncorroborated statement of a confessed accomplice should be received with caution. This question is disposed of by what was said in considering the tenth exception.

The twelfth exception assigns error on the part of the Circuit Judge in refusing to grant the motion for a new trial, on the ground that there was no evidence that the defendant knew the bonds had been stolen. The reasons assigned by the presiding Judge, in overruling this ground for a new trial, are satisfactory to this Court.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

June 9, 1909. PER CURIAM. After careful consideration of the petition herein, the Court fails to discover wherein any material question of law or of fact has either been overlooked or disregarded.

It is, therefore, ordered that the petition be dismissed and that the order heretofore granted staying the remittitur be revoked.