7299

## STATE v. GARDNER.

1. CONTINUANCE.—No abuse of discretion is shown in mere refusal of trial court to continue case because the employed attorney was summoned as a witness by the State and the one substituted had not had time to prepare the defense.

2. EVIDENCE—PHYSICIAN—RES GESTAE.—In an indictment for assault and battery with intent to kill, the opinion of a physician as to a wound received by defendant after shooting prosecutor and a detailed description of it is irrelevant and not part of *res gestae.*

Before GAGE, J., Kershaw, November term, 1908. Affirmed.

Indictment against Thomas Gardner. Defendant appeals from sentence.

*Messrs. W. Hampton Cobb* and *M. L. Smith,* for appellant.

*Solicitor Christie Benet,* contra.

October 5, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Defendant, Thomas Gardner, was convicted of an assault with intent to kill J. F. West, and sentenced to one year's imprisonment in the State penitentiary.

His first ground of appeal assigns error in the refusal of the Circuit Court to grant his motion for continuance upon the ground that his substituted attorney did not have time to prepare his case, the attorney first retained feeling that he should not represent the defendant after being bound over as a witness for the State. It is not necessary to refer to the numerous cases decided by this Court, that the refusal of a motion for continuance does not constitute reversible error unless a clear case of abuse of

discretion is shown. No such showing has been made in this case.

The remaining exception alleges error in the ruling shown by the record, as follows: Dr. W. J. Dunn, physician, sworn for defendant. "Q. Were you called upon to treat Mr. Gardner? A. Yes, sir. Q. State the nature of the wound which he received. A. He had a wound about an inch or an inch and a half long between the eyes. The Court: How is that relevant? Mr. Cobb: It shows Mr. Gardner was getting the worst of the fight. The Court: Mr. West is not indicted for beating Mr. Gardner. Mr. Cobb: Mr. Gardner had the right to defend himself against these assaults. The Court: Yes, sir, if he was hit before the gun was fired; but if this beating occurred after the shooting then the nature of that wound is not relevant. Mr. Cobb: There were three shots fired, one fired before they took hold of Gardner and the others after they had caught hold of him; and during the scuffle West said himself he had hold of Gardner. The Court: Not relevant."

It is contended, first, that the testimony was admissible as relevant to defendant's plea of self-defense. The ruling was in no wise prejudicial. It was not a matter of dispute that West kicked or stamped defendant in the face while he was on the floor, after defendant had fired his pistol at West. The fact that this wound was received, its general nature and the circumstances under which it was inflicted, were given in evidence as an incident connected with the transaction under investigation. Whatever bearing it could have on defendant's plea of self-defense, he got the benefit of it. But we do not think such details as the precise location and dimensions of the wound would throw any light on the case or the defense. Conceding a remote relevancy of the testimony, its exclusion was not material or harmful.

To bring a matter within the rule of *res gestae* the act or declaration should be contemporaneous with the litigated transaction, must spontaneously spring out of it and tend

to elucidate it, and must not be in effect a mere narrative of a past occurrence. *State* v. *McDaniel,* 68 S. C., 310, 47 S. E., 384.

The testimony of the physician, as to his examination of the wound on defendant after the difficulty was over, and the opinion he formed from such examination, do not fall within the rule of *res gestae.*

The judgment of the Circuit Court is affirmed.