### STATE v. BENTON *ET AL.*

#### (121 S. E., 559)

CRIMINAL LAW—PERMITTING WITNESS TO EXPRESS OPINION AS TO DEFENDANT'S GUILT HELD ERROR AND PREJUDICIAL.—In a prosecution for manufacturing alcoholic liquors, testimony that witness would swear on a stack of Bibles that a certain still belonged to defendants, though he had never seen the still, *held* a statement of witness' opinion, and its admission was prejudicial error.

Before SEASE, J., Dorchester, October, 1923. Reversed and remanded.

A. B. Benton and Laler Cook indicted for violation of the prohibition law and upon conviction appeal.

*Mr. W. P. Tillinghast,* for appellants, cite: *Opinion of witness on facts stated not admissible:* 91 S. C., 523; 110 S. C., 346; 6 Kan., 46; 25 Kan., 351; 67 Mich., 52; 88 Minn., 257; 81 S. W., 557; 43 W. Va., 672; 18 Ala., 822; 40 Cal., 272. *Officer prejudiced against defendants should not have charge of jury:* 101 S. E., 648; 79 S. E., 908; 54 Pac., 830; 67 So., 39.

*Mr. A. J. Hydrick, Solicitor,* for the State.

March 3, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellants were tried under an indictment which charged under two counts: First, having in possession and storing intoxicating liquor; and, second, in maintaining and operating a still for the manufacture of intoxicating liquor, and with manufacturing and distilling alcoholic liquors.

They were acquitted on the first count and convicted on the second count. A motion for a new trial having been refused, they were duly sentenced and by four exceptions impute error.

The first exception is:

"First: That his Honor, Judge Thos. S. Sease, erred in permitting Sheriff Limehouse, the principal prosecuting witness, to testify as follows: 'Q. So far as you knew that still could have belonged to anybody else? A. I would swear on a stack of Bibles that it belonged to Benton and Cook. I never saw it and don't know it, but I would swear on a stack of Bibles that it belonged to them'—the error being that the testimony of said witness was not responsive to the question asked, was inadmissible, incompetent, and clearly prejudicial to the constitutional rights of the defendants to a fair and impartial trial."

This exception is sustained. The witness should not have been allowed to give or express his opinion, which was highly prejudicial and improper. *McCown v. Muldrow,* 91 S. C., 523; 74 S. E., 386; Ann. Cas. 1914A, 139. *Henderson v. Lydia Cotton Mills,* 110 S. C., 348; 96 S. E., 539.

As there must be a new trial on this exception, it is unnecessary to consider the other exceptions.

Judgment reversed, and new trial granted.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.