11467

STATE v. BARKER *ET AL.*

(122 S. E., 494)

HOMICIDE—CRITICISM OF PETIT JURIES FOR FAILURE TO CONVICT, MADE TO GRAND JURY IN PETIT JURY'S PRESENCE, HELD ERROR.—A vigorous criticism of petit juries in general for failing to convict in murder trials, made by trial Judge to grand jury in the presence of petit jury trying defendant for murder just before the conclusion of the testimony, *held* reversible error.

Before RICE, J., Barnwell, May, 1923. New trial granted.

Carrie Barker and others indicted for murder, convicted of manslaughter, and they appeal.

*Messrs. Brown & Bush,* for appellant, cite: *Remarks made by Judge in presence of jury prejudicial:* 16 R. C. L., 827; 69 N. W., 274. *Law as to accessories:* 15 S. E., 588; 27 Ala., 37. *What is aiding and abetting:* 12 A. L.

R., 278; 44 S. E., 968; 107 S. E., 697; 13 R. C. L., 731; 102 Ala., 295.

*Mr. R. L. Gunter, Solicitor,* for the State, cites: *Remarks of Judge to the Grand Jury not prejudicial error:* 79 S. C., 113; 94 S. C., 26; 88 S. C., 162; 120 S. C., 274. *Defendant presented no requests to charge as to meaning of "aiding and abetting":* 84 S. C., 574; 85 S. C., 64. *Charge as to accessories correct:* 78 S. C., 253.

April 15, 1924.

The opinion of the Court was delivered by Mr. Justice Watts.

"The defendants were tried at the May term of the Court of General Sessions for Barnwell County upon an indictment charging them with murder. The jury found all of the defendants guilty of manslaughter. A motion for a new trial was made by attorneys for the defendants and was overruled by the presiding Judge. The defendants were thereupon sentenced to serve five years upon the public works of Barnwell County, or a like period in the State penitentiary. From the verdict and sentence, the defendants gave notice of intention to appeal.

"Just before the conclusion of the hearing of the testimony in the case the grand jury of the county came in and made its presentment; whereupon his Honor, the presiding Judge, then and there, in the presence of the petit jury engaged in the trial of this case, delivered at considerable length to the grand jury a strong and vigorous criticism of petit juries throughout the State of South Carolina for failure to convict, or for the making of mistrials in murder cases. His Honor, the presiding Judge, thereupon went into the facts in various cases that he had tried in the State where juries had acquitted defendants in murder cases where the plea of self-defense had been interposed by the defendants, and severely criticised the action of said juries, stating that in nearly every case that came along, the plea of self-

defense was interposed, and acquittals in many cases were travesties upon justice. His Honor, the presiding Judge, also at said time and in said address, vigorously and strenuously criticised the petit juries for their actions and urged petit juries to convict, as a means of preventing homicide, where the evidence warranted a conviction."

Exception 1 is:

"I. That his Honor, the presiding Judge, erred in making the remarks that he did to the grand jury in the presence of the petit jury charged with the trial of this case, such remarks being highly prejudicial to the right of the defendants and seriously discrediting the defense of the accused."

This exception must be sustained. The jury were trying the case. The grand jury reported in Court with their final presentment. Their duties were done, and the only thing left was for them to be dismissed by the Judge for the term.

It is altogether different from the case of *State v. Walker,* 79 S. C., 113; 60 S. E., 311, wherein Judge Ernest Gary charged the grand jury at the opening of the term. Mr. Justice Jones, on that opinion, uses this language:

"It does not appear that any of the petit jurors who tried this case were present during these remarks, and, if they were, the remarks were well ·within the province of the Judge to make to the grand jury. General instructions to a grand jury cannot constitute ground for reversal of the verdict of a petit jury."

If his Honor had charged the grand jury at the beginning of the term, or any time during the term as to their duties, it would not be reversible error. But the grand jury had made their final presentment for the term; the petit jury were sitting there trying the case, and the remarks of his Honor were prejudicial to the appellants, highly so.

By the remarks of his Honor to the grand jury, who had completed their labors for the term, in the presence of

the petit jury, who were trying the case, it was practically a charge to the petit jury, and was bound to influence them, and was highly prejudicial to the rights of the defendants.

The other exceptions are not considered, as this exception must be sustained and a new trial granted.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.