### 11527

### STATE v. ASHLEY

#### (123 S. E., 260)

CRIMINAL LAW—READING CAPTION OF SIMILAR INDICTMENT AND SWEARING WITNESS FOR GRAND JURY IN PRESENCE OF PETIT JURY HELD ERROR.—In a prosecution for violating Prohibition Law, reading caption of a similar indictment and swearing witness for grand jury in presence of petit jury *held* reversible error.

Before JOHNSON, J., Abbeville, December, 1923. Reversed and remanded.

Floyd Ashley was convicted of violating the prohibition law and appeals.

*Messrs. Moore & Cox,* for appellant, cite: *Duty of Court to check any departure from record:* 86 S. C., 374.

*Mr. H. S. Blackwell, Solicitor,* for respondent.

June 9, 1924

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant, Floyd Ashley, was convicted of a violation of the prohibition law. From a sentence of twelve months' imprisonment, he appeals upon exceptions which assign error in the refusal of the trial Judge to grant a new

trial upon the grounds: (1) That there was no evidence to sustain the verdict, and (2) that in the presence and hearing of the petit jury charged with the trial of the case at bar the Solicitor was permitted to read the caption of a similar indictment against the defendant to swear a witness to go before the grand jury on that charge.

We think appellant's second exception, directed to the matter of reading the caption of another indictment on the same or a similar charge and swearing a witness thereon for the grand jury in the presence and hearing of the petit jury charged with the trial of the cause then in progress, has sufficient merit to require a reversal.

On the cross-examination of the defendant by the Solicitor, the record discloses that the matter of another indictment against the defendant on a similar charge arose and was ruled on in this way:

"Q. These officers who have served under Cooper and McLeod went up there and trumped up a case against you? You never handled any whiskey? A. No, sir.

"Q. They still got it in for you, because they got another indictment against you. * * * (Mr. Moore objects.)

"Court: The objection is sustained. His credibility is put to issue, but not his character."

Thereafter during the progress of the trial, the indictment thus referred to, and the fact of the pendency of which had been properly excluded by the Court in the submission of the evidence, was handled by the swearing of a witness thereon for the grand jury in the presence of the petit jury trying the case at bar. It appears that the grand jury returned "no bill" on this indictment, but it does not appear that such return was made in the presence of this petit jury. There can be no doubt that the effect was to get before the trial jury the very fact which had been excluded as admissible evidence. While the matter of reading the caption of this second indictment and of swearing the witness for the grand jury doubtless arose in the due course

cf the Court's business and was thus handled as a matter of routine without any ulterior purpose on the part of the Solicitor to influence the deliberations of the jury then sitting in the case on trial, the effect might, and probably would, be as likely to prejudice the minds of the trial jury as if the fact of the pendency of another indictment had been deliberately and intentionally injected into the jury box. See *State v. Barker* (S. C.), 122 S. E., 494. The prejudicial effect of a fact of this character, calculated to create the impression that the defendant was an habitual violator of the prohibition law, might well turn the scale against him in a close case involving an offense of that nature.

In the circumstances of this case, we think there was an interjection of extraneous matter by counsel for the State which probably improperly influenced the jury. See 26 R. C. L., 1021, § 20; note 100 Am. St. Rep., 695, *et seq.* We cannot say that no harm resulted, or that the interjection was of a character so readily susceptible of correction by the trial Court upon objection of defendant's counsel at the time that the right thereafter to raise the point was waived. In that view, there is sufficient doubt as to whether the defendant's right to a fair and impartial trial was infringed to require that the question be resolved in favor of the defendant.

The judgment of the Circuit Court is reversed, and a new trial ordered.

. Reversed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.