13859

RIVERS v. INDUSTRIAL LIFE & HEALTH INS. CO. *ET AL.*

(174 S. E., 595)

*Messrs. Tobias & Turner* and *McLeod & Shore,* for appellants,

*Messrs. L. D. Jennings, A. S. Merrimon* and *Baker & Baker,* for respondent,

May 31, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This is an action in which the plaintiff asks damages for alleged slanderous remarks. alleged to have been made about him by agents of the insurance company. On trial a verdict was rendered for plaintiff. The record does not specifically disclose against which of the defendants it was found, but since the insurance company and Dobbs only are appellants, it would seem to be a safe conclusion that no verdict was rendered against Marshall.

The principal and controlling question presented for our determination is: Should the presiding Judge have ordered a mistrial and have withdrawn the case from the jury because of alleged improper argument to the jury on the part of one of plaintiff's counsel?

It appears that theretofore one Johnnie Johnson had brought an action against Industrial Life & Health Insurance Company, against which the present action is directed. When the Johnson action was about to be tried, the record of the case could not be found in the company's local office at Sumter. Plaintiff was or had been an agent of the defendant insurance company. The complaint in the present case alleges that Dobbs, the district manager of the defendant company, sent Marshall, also an agent of the company, with a message which charged Rivers, plaintiff herein, with having stolen the missing records, and to the further effect that unless he returned them he would be prosecuted for murder. In the trial of the *Johnson case* Marshall was a witness for plaintiff against the insurance company and there was a verdict for the plaintiff. On the trial of the present case plaintiff's counsel sought to introduce in evidence the judg-

ment roll in the *Johnnie Johnson case,* which, upon objection, was ruled to be inadmissible. Five separate times counsel sought to get into the record the judgment roll, and each time was overruled. Patently the purpose of this persistent effort was to bolster the testimony of the witness, Marshall, who was under sharp attack in cross-examination, by showing that in the *Johnson case* in which he appeared as a witness for plaintiff, the jury had given credence to his evidence.

The record in the present case at folios 371 to 374, both inclusive, shows that the following occurred on a motion to withdraw the case from the jury and declare a mistrial:

"Mr. McLeod: Mr. Jennings said in his argument to the jury before they were dismissed, that the jury in the other case evidently believed Marshall—

"Mr. Jennings: Well, I withdraw the statement.

"Mr. McLeod: No, sir; I think it is too late for that.

"The Court: Well, if he has withdrawn it, that is all he can do.

"Mr. Tobias: I would like to address myself to two or three ideas. If your Honor will recall, it was established yesterday on direct examination that there had been a suit of Johnnie Johnson instituted, and your Honor will recall that after I admitted on the record that such a suit had been instituted and was pending, your Honor specifically excluded from the consideration of the jury the physical summons and complaint, upon which was endorsed the verdict, our objection of course being that would be left in the jury's hands for consideration, that they might ascertain the result of the Johnson suit. And the question of the credibility of the witness Marshall was of course in issue in this case here. Now in spite of the fact that your Honor repeatedly ruled that out, counsel in his remarks to the jury today, stated that the jury, in the first case, had believed the testimony of the witness, Marshall. And counsel said he would withdraw it, and I understood your Honor to say under those circumstances there was nothing you could do. Our

position is, we want it as a matter of record, we understand the motion shall be made before the matter is given to the jury, to withdraw the case from the jury and order a mistrial, for his statement cannot be rectified.

"Mr. Jennings: At the time Mr. Jennings was arguing I said I didn't hear the remarks made and he said he said he withdrew it."

There can be no doubt that the remark was made by ██ plaintiff's counsel, because when counsel for defendant called it to the attention of the Court, counsel for plaintiff said: "Well, I withdraw the remark." If he had not uttered it, there was nothing to withdraw, and when the utterance was thus admitted in the presence of the Court, it was the duty of the Court either to grant the motion to declare a mistrial or to instruct the jury that they must disregard the remark of counsel. This was not done. The withdrawal of the remark by counsel cannot cure the evil. He had brought to the attention of the jury that which the Court had repeatedly declared should not be done, viz., the result of the trial in the *Johnson case*. He informed this jury that the jury in the *Johnson case* had believed Marshall. The credibility of Marshall in the trial of the present case was a vital issue. The withdrawal of the remark could not eradicate from the minds of the jury the information imparted to them by counsel's remark. The evil had been done; the dart had been planted. The action of counsel was in open disregard of the repeated ruling of the Court, and counsel and his client must take the consequences of this breach of duty.

It has been specifically held by this Court that the effort of counsel to bring to the jury by argument, or otherwise, that which the Court has held to be inadmissible, is ground for reversal, if the matter was clearly prejudicial to the adverse party, and the trial Judge, upon objection, did not take steps to protect that party from the harmful effect.

In the case of *Brown v. S. H. Kress & Co.*, 168 S. C., 431, 167 S. E., 686, 687, Mr. Chief Justice Blease, for the Court, said:

"We think there was reversible error on the part of the trial Judge in not promptly sustaining the objection of the appellants' counsel to the argument of counsel for the respondent as to the paper, which the Court had ruled inadmissible, and his failure to reprimand counsel for the respondent for making the argument and not instructing the jury to disregard that argument and statements of counsel as to the paper. * * *

"This Court has repeatedly announced that counsel must make arguments which are fair and justified by the facts, * * * and we have especially condemned efforts to get before the jury papers which have been ruled inadmissible by the trial Judge. See *State v. Kennedy,* 143 S. C., 318, 141 S. E., 559; *State v. King,* 158 S. C., 285, 155 S. E., 409, and *Edwards v. Union Buffalo Mills Co.,* 162 S. C., 17, 159 S. E., 818."

In the case of *Horsford v. Glass Co.,* 92 S. C., 236, at page 260, 75 S. E., 533, 541, Mr. Justice Woods said:

"But when testimony manifestly incompetent and prejudicial is adduced for the purpose of having such testimony influence the jury, the party who adduces it will not be allowed to hold his verdict and assert that the Court can do nothing against the unfair advantage of having the statement before the jury, beyond striking it out and instructing the jury to disregard it. In such case it does not lie in the mouth of the offending party to say that, although he has brought in irrelevant and prejudicial testimony, the Court cannot entirely deprive him of the benefit of it. It makes no difference that defendant's counsel did not move to strike out the testimony. Had the motion been made and granted, the plaintiff would still have had the unfair advantage of having testimony before the jury which he ought not to have offered.

"Justice can be satisfied only by the complete relief of a new trial."

It is needless to cite other authorities.

Since the case must be remanded, we refrain from any discussion of the other issues, or of the evidence.

The judgment of the Court below is reversed and the case is remanded for new trial.

Mr. Chief Justice Blease, Messrs. Justices Stabler and Carter and Mr. Acting Associate Justice W. C. Cothran concur.