## 14051

RIVERS v. INDUSTRIAL LIFE & HEALTH INS. CO. *ET AL.*

(179 S. E., 793)

*Messrs. Tobias & Turner, McLeod & Shore* and *Epps & Epps,* for appellants,

*Messrs. L. D. Jennings, A. S. Merrimon* and *Baker & Baker,* for respondent, 

April 26, 1935.

The opinion of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

This cause has appeared in this Court on a former occasion, and was reversed and remanded for a new trial. *Rivers v. Industrial Life & Health Insurance Company et al.,* 173 S. C., 45, 174 S. E., 595. The present appeal is from judgment in favor of plaintiff as a result of the second trial.

The former appeal was also from judgment in favor of plaintiff; that judgment resulting from the first trial.

As stated by this Court in its former opinion, the credibility of one Marshall, a witness for plaintiff, is a vital jury issue in the cause. On the first trial certain incompetent evidence was offered by plaintiff tending to bolster the credibility of Marshall. This evidence was excluded by the trial Judge, but was brought to the attention of the jury by plaintiff's counsel in his argument. Thereupon counsel for defendants moved that the Court declare a mistrial. On appeal this Court held that it was the duty of the trial Judge either to have granted the motion for a mistrial or to have instructed the jury that they must disregard the remark of counsel, neither of which had been done.

On the second trial of this cause, from the result of which the present appeal is being prosecuted, further incompetent evidence was offered by plaintiff tending to bolster the credibility of Marshall. This evidence was also excluded by the trial Judge, but was brought to the attention of the jury by plaintiff's counsel in his argument. And thereupon counsel for defendants moved that the Court declare a mistrial. This the Court declined to do, but did carefully instruct the jury that they must disregard the remark of counsel.

In the refusal of the trial Judge to declare a mistrial under these circumstances appellants assign error.

This Court has more than once announced the rule to be followed by the trial Courts when counsel in argument to the jury calls to the attention of the jury prejudicial matter outside the record. The rule was clearly stated in *Horsford v. Carolina Glass Co.,* 92 S. C., 236, 75 S. E., 533, 541, as follows:

"The general rule is indisputably established that, when in the course of a trial incompetent statements of witnesses are brought in either from accident, or when they might be reasonably, though erroneously, thought by counsel to be competent, the only remedy that the Court can afford is to grant a motion to strike out and instruct the jury to disregard the testimony. The injury resulting from the jury having heard the incompetent statement is regrettable, but the trial cannot be estopped because of such accidents and mistakes liable to occur in every trial. * * *

"But when testimony manifestly incompetent and prejudicial is adduced for the purpose of having such testimony influence the jury, the party who adduces it will not be allowed to hold his verdict and assert that the Court can do nothing against the unfair advantage of having the statement before the jury, beyond striking it out and instructing the jury to disregard it. In such case it does not lie in the mouth of the offending party to say that, although he has

brought in irrelevant and prejudicial testimony, the Court cannot entirely deprive him of the benefit of it. It makes no difference that defendant's counsel did not move to strike out the testimony. Had the motion been made and granted, the plaintiff would still have had the unfair advantage of having testimony before the jury which he ought not to have offered. Justice can be satisfied only by the complete relief of a new trial. Reference to the subject in the argument was still more objectionable."

By setting aside the judgment obtained on the first trial of this cause for the reason hereinabove mentioned this Court gave to counsel a specific warning of the error. It now appears from the record that on the second trial counsel again did what this Court warned him not to do.

We are of the opinion that "justice can be satisfied only by the complete relief of a new trial."

As a new trial must be granted on the above grounds, we deem it unnecessary to discuss the remaining exceptions.

It is therefore ordered, adjudged, and decreed that the judgment appealed from herein be set aside and vacated and that this cause be remanded for a new trial.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.