15234

STATE v. JOHNSON *ET AL.*

(14 S. E. (2d), 24)

*Messrs. R. B. Hildebrand* and *W. C. McDow,* for appellants,

*Mr. W. G. Finley, Solicitor,* for respondent.

March 26, 1941.

The opinion of the Court was delivered by MR. ASSO-CIATE JUSTICE STUKES.

The three first-named defendants were indicted along with Ruth Williams in Chester County for violation of Section 1266 of the Code as amended in 1938 and appearing in the supplement for that year whereby it is made a misdemeanor to, among other things, willfully desecrate any grave or destroy any plants, shrubbery, etc., of any graveyard; and from conviction on trial they appealed to this Court upon exceptions which raise the questions argued by them and hereinafter discussed.

As indicated above, Ruth Williams was indicted with the appellants but on motion of her counsel, who were apparently the same as those for the appellants, she was committed

to the State Hospital by the presiding Judge for observation as to her sanity. On the ground of her absence on that account and resulting unavailability as a witness for the remaining defendants, the latter moved for a continuance of the trial, asserting that the absent defendant had in statements to others assumed all of the guilt. After hearing argument and observing that evidence of this assumption of guilt by the absent defendant would be available to the others by the testimony of other witnesses the Court refused to continue the trial, to which the defendants excepted and made such the basis of their question numbered two.

Authority need not be cited for the established rule that such a motion is addressed to the sound discretion of the trial Judge and this Court will not disturb his ruling thereon unless it be shown that there was an abuse of discretion, which latter is not disclosed by the record here. See the many decisions thereabout in West's Digest, Criminal Law—586.

The question numbered one imputes error in the refusal of the motion for the direction of a verdict of not guilty as to the defendant, Locke Johnson. Not only the State's testimony but his own indicated that he was employed by the owner of the automobile used to carry the defendants to the cemeteries and accompanied the other defendants in the car, the back seat of which was largely filled with pieces of shrubbery taken from about the graves and the spade used for the latter purpose. There was also evidence for the prosecution that this defendant had accompanied the others on the day before the commission of the crime in the location of one of the cemeteries involved and that he sat in the automobile when the others entered the cemeteries and removed the shrubbery to the car. These facts bring the case within the rule of *State v. Gilbert*, 107 S. C., 443, 93 S. E., 125. There was no error in the refusal to direct an acquittal of this defendant.

In their brief appellants abandoned their Question Three. Number Four charges error in the permission by the trial

Court of the solicitor's questions in cross examination of the defendant, Mrs. Lester Wolfe, as to whether she had planted on her premises shrubbery from cemeteries other than those admittedly visited by her and the other defendants on the date of the crime charged in the indictment.

It appears in the agreed statement and elsewhere in the record that the defendants were also convicted upon a similar charge in York County at a later date than the Chester trial, in which latter this appeal was perfected, and that the disposition hereof by this Court will similarly control the *York case*. On one trip from the City of Rock Hill the defendants visited cemeteries located in both counties. During the introduction of testimony for the State in the trial in Chester the question of the admissibility of evidence relating to cemeteries in York County arose and was disposed of by the trial Judge by the refusal of the admission of such evidence. However, when the defendant, Mrs. Wolfe, was testifying her counsel stated in effect that it was desired to withdraw the former objection to testimony as to any of the acts of the defendants upon the date in question and, with the consent of the solicitor, the Court allowed testimony from the defendants as to their visits to other cemeteries, some in York County.

In the cross examination by the solicitor of this defendant the latter was asked where she obtained the shrubbery about her home and her separately located "tavern" in Rock Hill and whether any of it came from certain cemeteries which the solicitor named. The witness, defendant, readily answered these questions, giving the names of persons from whom she said she had purchased and denying that she had even entered the cemeteries named in the questions, the location of some of which she denied knowing. To some of these questions defendants' counsel objected, except as to three cemeteries named by them, and now contend that the questions tended to establish other crimes than that for which the witness was being tried and to put in issue the latter's reputation which had not been ten-

dered by her. However, the Court held the questions un-
objectionable in view of the former opening by the defend-
ants of the door to such line of questioning; and to the cor-
rectness of this ruling we agree. The defendant having
testified as to visits to cemeteries other than that referred
to in the indictment, clearly subjected herself to cross ex-
amination upon the subject. In these circumstances *State v.
Bolin,* 177 S. C., 57, 180 S. E., 809, and similar authorities
cited by appellants are not applicable.

The remaining questions stated by appellants are argued
as one, Numbered five, as follows: Did the State offer testi-
mony tending to show that the defendants violated the stat-
ute as charged in the indictment and sufficient to support a
verdict of guilty? The position urged is two-fold, first that
there was no destruction of the shrubbery, therefore no vio-
lation of the statute, for it was carefully removed with the
evident purpose of resetting it; and second, there was no
desecration of any grave for there was insufficient testimony
to the effect that any of the shrubbery removed was in con-
tact with a grave even as to the root systems.

In connection with both of these contentions appel-
lants urge the unquestioned rule that a penal statute
is subject to strict construction and cannot be ex-
tended by the Courts. However, the proper construction is
one which finds and puts into effect the intention of the law-
making body as gathered from a reasonable interpretation
of the words of the statute. *State v. Firemen's Insurance
Company,* 164 S. C., 313, 162 S. E., 334.

With this in mind we conclude without difficulty
against the contentions of the defendants and are of
the opinion that a digging up and removal of shrub-
bery from about a grave is a willful destruction of it within
the plain terms of the statute and that a grave is thereby
desecrated without actual entrance of it.

Included in appellants' brief is a definition of the word
"destroy" in 18 C. J., 975, from which the following is
quoted: "While the term ordinarily implies complete or total

destruction, it has on more than one occasion been construed to describe an act which, while rendering the thing useless for the purpose for which it was intended, did not literally demolish or annihilate it."

It is said in 10 A. J., 515 : "The disturbance of a grave is indictable at common law as an offense highly indecent and *contra bonos mores,* and is a misdemeanor under modern statutes." There is not included in "disturbance" in the latter quotation the actual violation of sepulture, the opening of graves and removal of bodies, and that subject is discussed in another part of this work. See, also, *Craig v. First Presbyterian Church,* 88 Pa., 42, 32 Am. Rep., 417.

Thus the questions argued by appellants in their brief are answered adversely to them. The exceptions have all been considered and are overruled.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER and FISHBURNE concur.