8864

STATE v. KNOX.

(82 S. E. 278.)

CRIMINAL LAW. CRIMINAL PROCEDURE. WITNESSES. ASSAULT AND BATTERY. CHARGE.

1. Where a defendant testifies in his own behalf, his character for veracity is thereby opened, and he may be cross-examined about any of his past transactions affecting his credibility; but his testimony in his own behalf does not open his general moral character.
2. In a prosecution for assault and battery with intent to kill, where defendant testified in his own behalf, questions on cross-examination as to whether he had been in similar difficulties before, and had cut a certain named person, did not tend to impeach his credibility, as distinguished from his general moral character,, and hence were inadmissible.
3. Such testimony was inadmissible also because it tended to expose defendant to a criminal liability, or to some kind of punishment, or to a criminal charge.
4. Under an indictment charging assault and battery with intent to kill, a jury can find the defendant guilty of an assault and battery.
5. Evidence, in a prosecution for assault and battery with intent to kill, where defendant attempted to show that he acted in self-defense, *held* to require the submission of simple assault and battery.
6. It is not error to refuse to submit the question of assault and battery under an indictment for assault and battery with intent to kill, unless there is testimony to show that defendant is only guilty of assault and battery.

Before RICE, J., Anderson.     Reversed.

FOOTNOTE.—As to right to question defendant concerning other crimes, on cross-examination, see note to *People* v. *Molineaux,* 62 L. R. A. 345.

· Ab Knox was convicted of assault and battery of a high and aggravated nature, and he appeals.

*Mr. A. H. Dagnall,* for appellant, cites: *Cross-examination improper:* 79 S. C. 197. *Charge as to lower offense:* 2 Enc. Pleading & Practice 855, 856; 25 Ga. 396; 71 Am. Dec. 181; 14 Am. Crim. Rep. 364; 74 S. C. 459.

*Mr. Solicitor Bonham,* for the State, respondent.

July 3, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was indicted for assault and battery with intent to kill, and was convicted of assault and battery of a high and aggravated nature.

The first question that will be considered is whether there was error, on the part of his Honor, the presiding Judge, in allowing the solicitor to cross-examine the defendant, over his objection, as to other quarrels, not connected in any way with the offense for which he was on trial, when he had not introduced testimony as to his reputation for peace and good order.

The record shows that the following took place during the cross-examination of the defendant by the solicitor:

"Q. Now, Knox, this isn't the first time you have been in trouble like this, is it? A. Trouble like what? Q. Why, like this, this fight? As a matter of fact, it is a common practice of yours to do things of this kind, isn't it? You cut Mr. Trammel over there at Belton, didn't you? Objected to by Mr. Dagnall: It is not permissible to cross-examine the defendant on quarrels with persons other than the prosecutor, as this does not tend to affect the credibility of the defendant. The defendant has not put in issue his reputation or character for peace and good order; therefore, the State cannot attempt to show that he has a turbu-

lent or violent character.    The only issue in this case is this: Is the defendant guilty of an assault and battery, with intent to kill, upon one Frank Fant?    And other quarrels would be irrelevant and prejudicial to the defendant, as we did not anticipate that we would have to answer for every difficulty in which the defendant might have been connected in the past.    Mr. Bonham: Your Honor, if they put witnesses up as to his reputation, I could bring witnesses here to controvert them.    But, where the man goes on the stand himself, he certainly lays the gate open to all of his previous actions, to discredit his statements in this particular case, and I am entitled to prove, if I can, by his own admissions on cross-examinations that he has a turbulent and violent character.    Court: Go on, I will let you examine him."

His Honor, the presiding Judge, also allowed the solicitor to ask the defendant the following questions on cross-examination:

"Didn't you go up to the home of Mr. Coker on one occasion and raise a row? * * * Well, you went up there and got into a fight with him, didn't you?    Now, didn't you on another occasion, at your home on Christmas Eve, didn't your own brother-in-law shoot at you for hitting your sister in the head with a pair of brass knucks?"

1, 3    There is a marked distinction between the credibility and the character of a witness.

"There is a wide difference between character and conduct for a time, and one equally wide between general character and proper credit on a special trial or occasion." *Chapman* v. *Cooley,* 12 Rich. 654; *State* v. *Jones,* 29 S. C. 201, 7 S. E. 296; *State* v. *Wallace,* 44 S. C. 357, 22 S. E. 411; *State* v. *Rice,* 49 S. C. 418, 27 S. E. 452, 61 Am. St. Rep. 516; *State* v. *Summer,* 55 S. C. 32, 32 S. E. 771, 74 Am. St. Rep. 707; *State* v. *Stukes,* 73 S. C. 386, 53 S. E. 643.

The general rule for attacking the credibility or character of a witness is fully stated in the case of *Sweet* v. *Gilmore,*

52 S. C. 530, 30 S. E. 395, cited with approval in *State* v. *Gibson,* 83 S. C. 34, 64 S. E. 607, 916.

In the case of *State* v. *Robertson,* 26 S. C. 121, 1 S. E. 445, the Court held that the generally accepted doctrine was that where the defendant testifies in his own behalf his character for truth and veracity is thereby uncovered, but not his general moral character. In that case the following language from Whart. Cr. Evid., secs. 429, 433, was quoted with approval:

"A party, it may be said generally, when he becomes a witness, is subject to the usual duties, liabilities, and limitations of witnesses. * * * His character for truth and veracity may be impeached and his testimony may be commented on by counsel to the same effect as the testimony of other witnesses."

A witness may decline to answer a question tending to subject him to a criminal prosecution. *State* v. *Mitchell,* 56 S. C. 524, 35 S. E. 210.

"The defendant, when sworn in his own behalf, may be asked on cross-examination about any of his past transactions tending to affect his credibility, but not about such as affect his character in other respects." *State* v. *Mills,* 79 S. C. 187, 60 S. E. 664.

The testimony to which the defendant interposed objections did not tend to impeach his credibility, and as he had not put his character in issue for peace and good order, the testimony was not admissible.

"In regard to the privilege of witnesses in not being compellable to answer, the cases are distinguishable into several classes: (1) Where the answer will have a tendency to expose the witness to a penal liability, or to any kind of punishment, or to a criminal charge. Here the authorities are exceedingly clear, that the party is not bound to answer." Gr. on Evid., sec. 451.

It will thus be seen that there are three reasons why the testimony was erroneously admitted: (1) Because it did

not tend to affect the credibility of the witness; (2) such testimony tended to subject the defendant to a penal liability or to some kind of punishment, or to a criminal charge; and (3) because the defendant had not put in issue his character for peace and good order. The exceptions raising this question are sustained.

The next assignment of error is as follows:

"Because his Honor erred in failing and refusing to charge the law of simple assault and battery, and in not allowing the jury to pass upon this issue. It is respectfully submitted that the law of simple assault and battery was applicable, as there was evidence introduced upon which the jury might well have rendered a verdict of guilty of assault and battery, and the Judge, instead of passing upon this question of fact, prohibited by article V, sec. 26, of the Constitution of 1895, should have allowed the jury to decide the degree of the offense, if any, of which the defendant was guilty."

The following statement appears in the record:

"Just before his argument to the jury, Mr. Dagnall asked the Court to charge the jury that any one of four verdicts could be rendered in this case; it depending upon the view that the jury might take of the testimony. First, the jury might find a verdict of guilty of assault and battery with intent to kill, or guilty of assault and battery of a high and aggravated nature, or guilty of assault and battery, or not guilty. The Court was especially requested to submit to the jury the issue of simple assault and battery. The Court declined to submit the issue of simple assault and battery, and charged the jury as follows: * * * Now, Mr. Foreman and gentlemen, if you find this man guilty of assault and battery with intent to kill, say guilty, and sign your name as foreman. If you find him guilty of assault and battery of a high and aggravated nature, say guilty of assault and battery of a high and aggravated nature, and

sign your name as foreman.    If you find that he is not guilty, say not guilty, and sign your name as foreman."

The substance of the testimony is thus stated in the record:

"The evidence introduced by the State tended to show the following: That the defendant and prosecutor first had some words upon the trolley between Anderson and Belton, and that the defendant used opprobrious language towards the prosecutor; that when the car arrived at Belton there were other words, and defendant was arrested by the police, but was released upon a bond of $10; that the defendant and the prosecutor met again at a livery stable; that, when the prosecutor discovered the presence of the defendant, he undertook to leave the building by the rear, and, upon finding that he could not, he started out of the front; that he was accosted by the defendant, who again used opprobrious language towards the prosecutor, who struck the defendant; that they grappled immediately with each other and fell to the ground, the prosecutor on top; that during the struggle the prosecutor was cut by the defendant; that the defendant did not have time to get the knife from his pocket, after he was struck by the prosecutor; that the defendant had been drinking.    The evidence introduced by defendant tended to show that the defendant acted in self-defense throughout the difficulty, and that the prosecutor was the aggressor.    No evidence was introduced by defendant as to his reputation for peace and good order."

The rule is well settled that an indictment for a higher offense will sustain a conviction for a lower offense included in the higher, and that a jury can find a defendant guilty of an assault and battery under an indictment charging assault and battery with intent to kill.    2 Enc. Pl. & Pr. 856, 857.    There was testimony from which the jury might have drawn a reasonable inference, that the defendant was only guilty of assault and battery.

It is not error, however, for a presiding Judge to refuse to submit the question of assault and battery to the jury, under an indictment for assault and battery with intent to kill, unless there is testimony tending to show that the defendant is only guilty of assault and battery: *State* v. *DuRant,* 87 S. C. 532, 70 S. E. 306. The exception raising this question is also sustained.

Judgment reversed, and the case remanded for a new trial.

MESSRS. JUSTICES HYDRICK, WATTS, and FRASER concur in the opinion rendered by the Chief Justice.

MR. JUSTICE GAGE, *dissenting in part.* I concur on the first issue, though I had thought the law to be otherwise than as stated by the Chief Justice. On the second issue I concur in the rule stated by the Chief Justice; but, applied to the testimony, the rule, in my judgment, sustains the Court below.

The verdict excluded the plea of self-defense, and made the defendant a wrongdoer. What was the measure of his guilt? The weapon used was a knife; and it was stated at the bar that the cutting was "rather serious." In my judgment there was no testimony from which the jury might have drawn a reasonable inference that the defendant was guilty only of simple assault and battery. On that issue of fact, I dissent.