## 10589.

### STATE v. BING, *ET AL.*

#### (106 S. E. 573)

1. JURY—HELD NOT ERROR FOR THE COURT TO REFUSE TO ASK JUROR FROM WHAT PART OF THE COUNTY HE CAME.—In a criminal prosecution, it was not error for the Court to refuse to ask each juror what part of the county he was from, because requested by defendant's counsel to do so, on the ground that there was a prejudice against defendants in certain parts of the county.

2. CRIMINAL LAW—WITNESSES—DEFENDANT MUST MOVE TO STRIKE OUT OBJECTIONABLE ANSWER; ASKING DEFENDANT WITNESS ABOUT FORMER CONVICTION HELD PROPER TO TEST CREDIBILITY.—Under Cr. Code 1902, § 64, in a prosecution for burglary, it was proper to ask one of defendants, a witness, if he had been convicted for housebreaking prior to such time, and for the Court to rule such testimony admissible for testing the witness' credibility; and if defendants' counsel regarded the answer as inadmissible or not responsive to the ruling he should have moved to strike it.

3. CRIMINAL LAW—CONFESSION HELD INADMISSIBLE BECAUSE OBTAINED BY THREATS AND VIOLENCE.—In a prosecution for burglary, evidence *held* to show that defendant's confession was extorted by threats and violence, so that the presiding Judge erred in ruling that the confession was voluntary.

Before BOWMAN, J., Hampton, October term, 1919. Reversed.

Tom Henry Bing, Franklin Gordon, Horton Gordon and Joe Williams, indicted for burglary, and upon conviction of all except Franklin Gordon of grand larceny, the defendants appeal.

*Mr. T. Hagood Gooding* for appellants.

*Mr. George Warren, Solicitor,* for respondent.

March 19, 1921.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.

NOTE:—As to the admissibility of confessions obtained by means of threats, see notes in 18 L. R. A. (N. S) 833; 50 L. R. A. (N. S) 1077.

The following statement appears in the record:

"There were two indictments for the alleged breaking into a store in this county and stealing money therefrom. One indictment was against the defendants, Tom Henry Bing, Franklin Gordon, and Horton Gordon, and the other against the defendant, Joe Williams, both indictments charging burglary.

The State relied principally upon alleged confessions of the defendants, and the defendants pleaded that the alleged confessions were obtained under duress.

"Counsel for defendants made a moton for a directed verdict, upon the ground that it was conclusively shown that the alleged confessions were made by defendants under the fear of losing their lives, induced by severe whippings administered by arresting parties, and other circumstances showing duress. Motion was refused.

"At the conclusion of the testimony the solicitor stated that he would not ask for a conviction of burglary, but only of grand larceny. The jury found the defendants, with the exception of Franklin Gordon, guilty of grand larceny. Thereupon counsel for defendants gave notice of a motion for a new trial, upon the grounds that the testimony showed that the alleged confessions were made under duress, and upon the further ground that the defendant, Joe Williams, was allowed to answer, in response to the solicitor's cross-examination, that he had been on the chain gang before. The motion for a new trial was refused."

The defendants, with the exception of Franklin Gordon, were sentenced by the Court, and appealed upon exceptions, the first of which is as follows:

"Because his Honor, the presiding Judge, erred in refusing the request of counsel for the defendants that each juror be asked upon presentation what part of the county

said juror was from, and holding and deciding that this was the preliminary work of counsel for the defense and not a matter to be asked on the trial of the cause; whereas, it is respectfully submitted that such question on the part of the Court was proper at this time to fully protect the interests of the defendants, inasmuch as the testimony shows that there was strong feeling in the neighborhood of the alleged robbery against the alleged robbers, and citizens from this part of the county were highly incensed over same, and that refusal of his Honor to put this question at the request of the defendants was prejudicial to their rights and their constitutional guaranty of a fair and impartial trial."

The question presented by this exception thus arose:

"Mr. Gooding: Before we proceed with the case I would like to ask the Court to ask each juror what part of the county he is from."

"The Court: What say you to that, Mr. Solicitor?

"Mr. Warren: That is not a proper question here. Counsel ought to find that out ahead of time.

"The Court: I think so. That is preliminary work of counsel, and is not a matter to be asked here, on the trial of this case."

The admissibility of testimony must necessarily be left in a large measure to the discretion of the presiding Judge; and it has not been made to appear that it was erroneously exercised.

The second exception is as follows:

Because his Honor, the presiding Judge, erred in allowing the State, upon cross-examination of the witness Joe Williams, to question said witness as to an alleged former conviction for housebreaking over the

objection of the defendant's counsel, whereas, it is respectfully submitted that such questions were irrelevant and incompetent, in that the defendant had not put his good character in issue, and same could not be attacked by the State, and such questions and the testimony adduced therefrom could have no other effect than to prejudice the jury against the said defendant."

On the cross-examination of the defendant, Joe Williams, the record shows that the following took place:

"Q. You have been in Court before? A. Yes, sir.

"Q. What did they have you up for?

(Mr. Gooding: That has nothing to do with this case, and I object to it, if the Court pleases. Mr. Warren: It has something to do with the credibility of the witness. The Court: He may test his credibility, Mr. Gooding.)

"Mr. Warren (continuing): They had me up for housebreaking, and the jury convicted me, and I went on the chain gang."

Section 64 of the Criminal Code of 1902 is as follows:

"In the trial of all criminal cases the defendant shall be allowed to testify (if he desires to do so, and not otherwise,) as to the facts and circumstances of the case."

If he testifies in his own behalf, he may be cross-examined as to such facts and circumstances as affect his credibility, but not his general character. *State v. Knox,* 98 S. C. 114, 82 S. E. 278; *State v. Peterson,* 35 S. C. 279, 14 S. E. 617; *State v. Mills,* 79 S. C. 187, 60 S. E. 664; *State v. Kennedy,* 85 S. C. 146, 67 S. E. 152.

The ruling of his Honor, the presiding Judge, that the credibility of the witness might be tested, was in accordance with these decisions. At the time of the ruling it did not appear how the credibility of the witness was to be tested. Therefore the defendants' counsel should have made a motion to strike out the answer of defendant, if he regarded it as inadmissible and not responsive to the ruling of his Honor, the presiding Judge. A similar question arose in the case of *State v. Mills,* 79 S. C. 187, 60 S. E. 664, in which this Court thus ruled:

"When this objection was made, there was nothing to show that the transaction inquired about was not one tending to affect the credibility of the witness. The Circuit Judge was not in error, therefore, at the time in admitting the question. Had the objection been made or renewed when it subsequently appeared the transaction did not tend to affect the credibility of the witness, it would have been error to allow the examination to continue. * * * But the objection was not made at that time, and must therefore be considered waived."

The third exception is as follows:

"Because his Honor, the Circuit Judge, erred in refusing defendants' motion for a new trial upon the ground that the alleged confessions were obtained under duress, it being respectfully submitted that all of the testimony showed that the alleged confessions were obtained from the defendants through the application of bodily violence and threats of death, the testimony being borne out by the physical condition of the defendant, Franklin Gordon, and the testimony of the State on this point, by their several witnesses, being that 'the whipping was not done while they were there,' or 'not that they knew of,' and in excluding defendants' motion for a directed verdict, on the same grounds."

Dr. C. A. Rush, a witness for the defense, says:

"I am a practicing physician and surgeon at Hampton.   I know this negro, Franklin Gordon.   I was called to the jail to examine him and found him suffering considerably with contusion of the posterior surface, that is, right down the side here (indicating to the jury;) that extending from right along here (indicating to the jury) to down about here, and it had every appearance that he had been hit with some blunt instrument, and he was considerably bruised and swollen, and there was one place along about here (indicating) that was blistered, and also on his arm there was a sign of that.   I think that the left arm was worse than the other one.   Also the left testicle was badly swollen.   He had some fever when I examined him   I gave him some medicine to relieve the pain, soreness and suffering.   He had the appearance of having been whipped.

### CROSS-EXAMINATION.

"By Mr. Warren: Q. In fact he had been whipped, had he not, Dr. Rush?   A. Yes, sir; he had."

The testimony of the defendant, Franklin Gordon, is supported by physical facts, and the only reasonable inference from the testimony is that confessions were extorted from the other defendants likewise by threats or violence.

A confession is not admissible unless it is voluntary, and the question whether it is voluntary must be determined, in the first instance, by the presiding Judge; but if the only reasonable inference is that it was extorted by threats or violence it should be excluded.   *State v. Rogers,* 99 S. C. 504, 83 S. E. 971.

His Honor, the presiding Judge, erred, therefore, in refusing to exclude the confession from the consideration of the jury.

New trial.