12624

STATE v. GILSTRAP ET AL.

(147 S. E., 600)

*Messrs. M. C. Long* and *R. T. Jaynes,* for appellants,

*Solicitor L. W. Harris,* for respondent,

March 29, 1929.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE WATTS.

Appellants are charged in the indictment with housebreaking and larceny. The indictment is regular in form, the first count charging housebreaking, and the second count charging grand larceny.

Appellants were tried at the November, 1928, term of General Sessions Court for Oconee County. The jury rendered a general verdict of guilty, and the presiding Judge sentenced appellants to serve three years at hard labor in the State penitentiary.

The testimony is correctly set out in the agreed return. Appellants' exceptions, four in number, all relate to the admission of the following testimony, and the ruling of his Honor, the presiding Judge:

"Q. After you slipped a noose and the officers didn't get you that night, did you still take any more? A. No, sir.

"Q. Where did you go the next day? A. Went to Liberty.

"Q. To Liberty, Easley or Pickens—somewhere over there? A. Yes, sir; to Liberty.

"Q. And was arrested? A. Sunday night I was.

"Q. For being drunk? A. Yes, sir."

"Mr. Long: Your Honor, please, I don't think that has anything to do with Saturday night."

"The Court: Well, the charge is here that they thought this satchel, or bag, or whatever it was, contained whiskey, and that may be one way in which to get it, and, therefore, it might have some relevancy."

This testimony was clearly irrelevant. The defendant, Gilstrap, having been arrested in another county for being drunk, 24 hours after it is alleged the building was broken into, that fact could not possibly throw any light upon the alleged charge of housebreaking the night before. In allowing said testimony, the State was permitted to prove a separate and distinct criminal offense against the defendant, which was highly prejudicial to the defendants. The prejudicial effect of a fact of this character was calculated to create the impression that the defendant was an habitual violator of the prohibition law, as well as an habitual drunkard, and which, no doubt, did turn the scales against the defendants in a close case, where the testimony was *pro* and *con.* It was the interjection of extraneous matter by counsel for the State, which, in our mind, probably improperly influenced the jury.

We appreciate the fact that when a defendant becomes a witness in his own behalf, his character for truth and ve-

racity is thereby uncovered, but not his general moral character. *Sweet v. Gilmore,* 52 S. C., 530, 30 S. E., 395; *State v. Gibson,* 83 S. C., 34, 64 S. E., 607, 916; *State v. Robertson,* 26 S. C., 117, 1 S. E., 443.

The defendant, when sworn in his own behalf, may be asked on cross examination about any of his past transactions tending to affect his credibility, but not about such as affects his character in other respects. *State v. Mills,* 79 S. C., 187, 60 S. E., 664.

The testimony objected to did not tend to impeach the credibility of the witness, and as he had not put his character in issue, the testimony was inadmissible and prejudicial. *State v. Knox,* 98 S. C., 117, 82 S. E., 278.

There are three reasons why the testimony was erroneously admitted: (1) Because it did not tend to affect the credibility of the witness; (2) such testimony tended to subject the defendant to a penal liability or to some kind of punishment, or to a criminal charge; and (3) because the defendant had not put in issue his character. *State v. Knox,* 98 S. C., 118, 82 S. E., 278.

"The Solicitor was allowed to ask the defendant on ▪ cross examination as to his association with Villa and others. The only purpose of this evidence was to discredit the defendant. The defendant did not put his character in evidence, and it was clearly incompetent and prejudicial." The exceptions that raise this question are sustained. *State v. Marlowe,* 120 S. C., 207, 112 S. E., 921; *State v. Ashley,* 128 S. C., 412, 123 S. E., 260; *State v. Barker,* 128 S. C., 372, 122 S. E., 494.

The ruling of the trial Court on the admissibility of ▪ the testimony was misleading, erroneous, and very prejudicial to both appellants: (1) Because there is no such charge in the indictment against the appellants that they thought there was whiskey in the hand-bag alleged to have been taken from the building alleged to have been broken into; (2) because there is not a scintilla of evidence

that said hand-bag contained whiskey; and (3) because said testimony could not possibly be one way to get at the truth of the charge against appellants, and, therefore, said testimony is not relevant, and the ruling of the trial Court and the language used was even more damaging to appellants' cause than the testimony itself, and, in our opinion, in all probability had more weight with the jury in writing a verdict of guilty than all the testimony put together.

In the face of the testimony objected to where the State's attorney was allowed to humiliate appellant Gilstrap, by having him to testify as to his guilt to a separate and distinct criminal offense, committed in a separate and distinct county to the one he was being tried in, and in the face of the language used by the Court in passing upon the admissibility of the testimony, can it be said that appellants received the fair and impartial trial guaranteed to them by the State of South Carolina?

There are plenty of citizens who are in spirit and truth prohibitionists, who practice what they preach, some may have been on the jury, and defendant was put in the position of being drunk and locked up and a patron of bootleggers, which was highly prejudicial to him. The exceptions are sustained and a new trial granted.

MESSRS. JUSTICES COTHRAN, BLEASE, AND CARTER concur.

MR. JUSTICE STABLER concurs in result.