15218

STATE v. GIBERT

(13 S. E. (2d), 451)

*Messrs. J. Moore Mars* and *J. M. Nickles* for appellant,

*Mr. Hugh Beasley, Solicitor,* for respondent,

February 24, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

Upon an indictment charging murder the defendant was convicted of manslaughter. He admitted the killing and pleaded self-defense.

Several errors are assigned for the reversal of the judgment herein, but the most important and most serious ques-

tion raised by the defendant is as to the action of the Court in permitting the solicitor, over objection, to cross examine the defendant with reference to previous difficulties in which he had participated.

The accused, prior to taking the stand in his own behalf, had voluntarily put his good character and general reputation in evidence as to peace, quiet and good order. When testifying in his own behalf, the solicitor undertook to impugn his character by cross examining him as to previous acts of violence, but confined the examination to the particular trait involved in the offense charged, such as, that he had had a physicial difficulty with one man, severely injuring him, and had shot another. The defendant admitted the first difficulty but denied the second. The trial Court ruled that this cross examination was competent, upon the ground that the accused had tendered his good character in evidence, but that no testimony as to the details of such encounters would be allowed. He further held that the denial by the defendant of a previous difficulty was not subject to contradition by the State.

The question presented by the appeal has never, so far as we have been able to discover, been settled in this State by any adjudicated case.

There are many cases in this State illustrative of the principle that the prosecution cannot attack the character and reputation of the accused in a criminal case for the purpose of impeaching him as a defendant unless he first puts his character in issue by introducing evidence to sustain the same. *State v. Knox,* 98 S. C., 114, 82 S. E., 278; *State v. Mills,* 79 S. C., 187, 60 S. E., 664; *State v. Dill,* 48 S. C., 249, 26 S. E., 567; *State v. Robertson,* 26 S. C., 117, 1 S. E., 443; *State v. Bolin,* 177 S. C., 57, 180 S. E., 809; *State v. Anderson,* 181 S. C., 527, 188 S. E., 186.

In *State v. Robertson, supra,* the Court adhered to the general doctrine that where the defendant testified in his own behalf without having placed his good

character in question, his reputation for truth and veracity is thereby uncovered, but not his general moral character. It may be stated generally that when the accused elects to testify he occupies a dual capacity—as a defendant and as a witness; and as a witness he is subject to the usual duties, liabilities and limitations of witnesses generally, to the extent that his character as to truth and veracity may be impeached, and he may be asked upon cross examination about any of his past transactions tending to affect his credibility, but not about such as affect his character in other respects. *State v. Williamson,* 65 S. C., 242, 43 S. E., 671; *State v. Mitchell,* 56 S. C., 524, 35 S. E., 210.

However, we see no good reason why the defendant may not be cross examined, where his good reputation has been put in issue, as to particular acts which manifestly bear reference to the trait of character covered by the charge in the indictment, provided such evidence excludes the details of such transaction. Such testimony in a great many homicide cases, involving self-defense, would tend to show who was probably the aggressor. By logical inference from the holdings in many of our cases it may clearly be deduced that when good character is in issue a wider latitude may be allowed on cross examination of a defendant than when it is not, and that the defendant in such case may be asked questions which impeach his character with respect to the particular character trait tendered by him—subject to the rule that he may not be contradicted.

In *State v. Bolin, supra,* the defendant was charged with murder, and did not put his good character in evidence. The solicitor over objection was permitted to cross examine the defendant with reference to other specific acts of violence. The Court held that these questions were highly prejudical, for in effect the reputation of the defendant for being a man of violence and turbulence was placed in question, when such issue had not been tendered. The clear implication of this

holding is that if the defendant, Bolin, had offered his good character in evidence as a man of peace and quiet, such cross examination would have been competent.

In *State v. Knox, supra*, the defendant's good character had not been tendered, and the trial Court allowed the solicitor over objection on cross examination to interrogate the defendant, who was charged with assault and battery with intent to kill, as to other particular acts of violence. The Court held that this was reversible error, because such testimony did not tend to impeach the defendant's credibility, and "as he had not put his character in issue for peace and good order, the testimony was not admissible." (98 S. C., 114, 82 S. E., 279.) Again, the clear inference may be drawn that if the defendant's good character had been in issue, such cross examination would not have been objectionable. To the same effect and illustrating the same point are the cases of *State v. Gilstrap*, 149 S. C., 445, 147 S. E., 600, and *State v. Bing*, 115 S. C., 506, 106 S. E., 573.

In our opinion, where the accused in a criminal case voluntarily puts his good character in evidence, and has made it one of the issues in the case, he may be cross examined as to particular acts or conduct derogatory to his good character, but such examination must be confined to the nature of the charge against him. *State v. Sims*, 213 N. C., 590, 197 S. E., 176; *State v. Colson*, 193 N. C., 236, 136 S. E., 730.

The rule is different as to impeaching and sustaining character witnesses. The great weight of authority in our own State, as well as elsewhere, is that the testimony of such witnesses, where good character is in issue, must relate and be confined to the general reputation of the accused in the community in which he lives or has lived, and must be limited to the particular trait involved in the offense charged.

The appellant next complains of the supplementary charge given to the jury by the trial Judge. The case had been

submitted to the jury at about one o'clock in the afternoon. Near noon of the following day the Judge recalled the jury to the Court room, and in response to his inquiry thereabout, they indicated that they did not desire any further instructions as to the law of the case. The Court said: "Gentlemen, when you left the Court room, when I finished the charge I told you you could take the exhibits along with you to the jury room. Did you understand that?" The foreman replied that the jury understood this, but that the exhibits were not desired. The Judge thereupon stated to the jury: "I can't make you take them, I can't make you leave them here, that is for you. If you think you can make an investigation without all the testimony, that is your responsibility, and that is for your conscience and not this Court's."

The error assigned is that the remarks of the Court were tantamount to saying to the jury that if they would take the exhibits and give them the consideration they deserved, that they would be able to reach a verdict. Whereas, the jury had already examined and considered the exhibits, and the remarks of the Judge were prejudicial. No authority is cited to sustain this position, and, in our view, the point is not well taken. The Judge specifically referred to "all the testimony," and left the matter entirely in the hands of the jury. No prejudicial error is shown. The defendant was convicted by the jury, apparently without their taking the exhibits into the jury room, but there is nothing to indicate that the exhibits were not duly considered by the jury.

Complaint is also made that when the jury was recalled to the Court room this supplementary charge was given them by the Court: "* * * I can't coerce you, neither can you coerce this Court as to when I shall say a mistrial shall be ordered. That belongs to the Court and not to the jury, and it is for me to say how long you shall deliberate. Deliberation means open mindedly to listen to the contentions

of your fellow jurors. And it is your duty to write a final verdict in this case, you are not expected to make a mistrial, the law expects you to reach a verdict. * * *"

The appellant urges that this instruction constituted reversible error, because it amounted to an intimidation and coercion of the jury.

A similar question arose in the case of *Nelson v. Atlantic Coast Line R. Co.*, 191 S. C., 345, 4 S. E. (2d), 273, 280, and under like circumstances. The Court there held, quoting from *State v. Drakeford*, 120 S. C., 400, 113 S. E., 307: "While a * * * Judge may not coerce a jury, he is not precluded from indicating very plainly that he will not be coerced by the jury." We think there is no merit in the exception raising this question.

Finally, the appellant assigns error because the trial Judge required him to print the entire testimony offered in the case.

We agree with the appellant that there was no necessity to print any portion of the testimony except that which dealt with the cross examination of the defendant relating to previous difficulties. No other part of the testimony was pertinent to the issues raised, and the appellant should not have been subjected to this additional expense under the order settling the case for appeal.

The motion for a new trial made upon the same grounds as herein discussed was properly overruled.

Judgment affirmed.

Mr. Chief Justice Bonham, Messrs. Justices Carter and Baker and Mr. Acting Associate Justice G. B. Greene concur.