19122

The STATE, Respondent, v. Willie James TAYLOR, Appellant.
(177 S. E. (2d) 550)

148

*Messrs. John W. Williams, Jr.,* and *John W. McIntosh,*
of Columbia, *for Appellant,*

*John W. Foard, Jr., Esq.,* of Columbia, *for Respondent.*

November 6, 1970.

*Per Curiam:*

The appellant Taylor and two co-defendants, Mitchell and King, were indicted for the murder of one Lorenzo Thomas. King entered a plea of guilty of accessory after the fact to murder, Mitchell pled guilty to voluntary manslaughter, and Taylor was found guilty of voluntary manslaughter by the jury and sentenced to serve twenty-four years.

Appellant was represented at the trial by retained counsel but is here represented by other counsel appointed for the purpose of appeal. The record indicates that only one of the several questions argued on appeal was actually raised upon the trial below. It is elementary that questions may not be raised for the first time on appeal.

The one question properly before us is the contention of the appellant that he was entitled to a directed verdict in that the only evidence implicating him was the uncorroborated testimony of his co-defendant Mitchell. Admittedly, the principal evidence against appellant was the testimony of the said Mitchell, but in our view there is at least some other evidence in the record tending to implicate appellant in the crime and to corroborate the testimony of Mitchell. But, even if the testimony of Mitchell be uncorroborated, there is no merit in appellant's contention. We quote the following apt language from *State v. Rutledge,* 232 S. C. 223, 101 S. E. (2d) 289:

"The first question raised is that a conviction cannot stand upon the uncorroborated testimony of an accomplice. Such is not the law in South Carolina. The weight to be given the testimony of an accomplice is for the fact finding body and if his uncorroborated evidence satisfies the jury of the defendant's guilt beyond a reasonable doubt, a conviction is war-

ranted. *State v. Green,* 48 S. C. 136, 26 S. E. 234; *State v. Sowell,* 85 S. C. 278, 67 S. E. 316; *State v. Whaley,* 113 S. C. 103, 101 S. E. 568; *State v. Johnson,* 156 S. C. 63, 152 S. E. 825; *State v. Fleming,* 228 S. C. 129, 89 S. E. (2d) 104."

The appeal is without merit and the judgment of the lower court is accordingly,

Affirmed.