19416

Willie James TAYLOR, Appellant, v. The STATE of South Carolina, Respondent.

(188 S. E. (2d) 850)

Messrs. *Frank B. Register, Jr.,* of Lexington, and *Edward A. Harter, Jr.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Emmet H. Clair, Asst., Atty Gen.,* of Columbia, *for Respondent,*

May 11, 1972.

BRAILSFORD, Justice:

The appellant Taylor and two codefendants, Mitchell and King, were indicted for the murder of one Lorenzo Thomas. Before the commencement of the trial, Mitchell plead guilty to manslaughter. At the close of the State's evidence, King pled guilty to accessory after the fact to murder. Taylor was convicted of manslaughter and sentenced to serve twenty-four years. Upon appeal to this Court we affirmed, holding, that the evidence was sufficient to raise a submissible issue as

to guilt and refusing to consider a number of exceptions charging error in particulars which had not been raised in the trial court, 255 S. C. 147, 177 S. E. (2d) 550. Thereafter, the defendant filed a petition for postconviction relief as permitted by the Uniform Post-Conviction Procedure Act enacted by the General Assembly in 1969, Code of 1962, Section 17-601 (Cum. Supp.), *et seq.* The grounds of the petition, quoted below, were substantially the same as those which we refused to entertain on the prior appeal, except ground 8.

"1. It was error for the Court to allow the Solicitor to introduce evidence gained through an illegal search and seizure.

"2. The Court's failure to dismiss the jury after the co-defendant Earl King changed his plea from 'not guilty' to 'guilty of accessory to murder after the fact" denied Mr. Taylor of his Constitutional rights to trial by a fair and impartial jury (guaranteed under the Sixth Amendment) and to due process of law (guaranteed under the Fifth and Fourteenth Amendments).

"3. It was error not to sentence the co-defendant Mitchell before he testified for the State against Mr. Taylor.

"4. The Court erred in permitting the Solicitor to cross-examine the appellant about earlier parole violations, prior escape conviction, the existence of a juvenile record, and the type of weapons used by the appellant in two armed robbery charges on his record.

"5. It was in error to permit the Solicitor to cross-examine the appellant about his failure to give an exculpatory statement to the investigating and/or arresting officers.

"6. It was error to permit the Solicitor to argue to the jury the tacit admission theory and thereby penalize the defendant's assertion of his right not to incriminate himself.

"7. It was in error to allow the Solicitor to attack the character of the defense witness Lucille Dunmore by asking her, 'How long have you been in the County Jail now?'

"8. Mr. Taylor's attorneys were so incompetent as to deny him his Constitutional right to assistance of counsel (guaranteed by the Sixth Amendment)."

We find no merit in grounds 1, 2, 3, 5 or 6, none of which was raised in the trial court.

The fragments of glass and of a burned garment, which appellant claims to have been the products of an unreasonable search and seizure, were not connected with him and had no tendency to incriminate him. Hence, there was no prejudice to appellant, even if the point had not been waived by failure to object to the admission of the evidence. *Cf. McCreight v. McDougall,* 248 S. C. 222, 149 S. E. (2d) 621 (1966).

The facts relied upon in grounds 2 and 3 simply do not support appellant's conclusion that his constitutional rights were violated or that the court erred in allowing Mitchell to testify before sentencing him. As to the latter, see *State v. Lewis,* 255 S. C. 466, 179 S. E. (2d) 616 (1971).

When appellant elected to testify, he waived his right against self-incrimination, and became subject to cross-examination like any other witness. Inquiry as to why he had not related the substance of his self-exculpatory testimony to the investigating officers when the opportunity first presented itself was a legitimate attack upon the credibility of his trial testimony. It did not impugn his right to remain silent when interrogated.

The record does not support the claim, made by ground 6, that the solicitor argued "the tacit admission theory" to the jury.

Ground 7 has been waived by failure to argue it in the brief.

Ground 4 raises a more serious question. It is well settled that when the defendant in a criminal prosecution becomes a witness in his own behalf, he places his

reputation for truth and veracity in issue and may be cross-examined about any of his past transactions tending to affect his credibility, but his general character is not put in issue and may not be assailed by cross-examination or otherwise. *State v. Knox,* 98 S. C. 114, 82 S. E. 278 (1914); *State v. Bolin,* 177 S. C. 57, 180 S. E. 809 (1935); *State v. Corn,* 215 S. C. 166, 54 S. E. (2d) 559 (1949). In the light of this rule, we are convinced that the solicitor exceeded the bounds of propriety in examining the appellant concerning a 1961 conviction for possessing an unlawful weapon, resulting in a parole revocation, an escape from confinement in 1961, flight to New York, return to South Carolina, and 1963 sentence for escape, a 1965 manslaughter conviction and sentence therefor, a 1967 parole revocation for possession of unlawful weapons and, finally, about the fact that appellant had "trouble" as a juvenile. These episodes had no bearing on appellant's credibility, and it would have been error to allow this line of cross-examination over proper objection. No such objection was interposed at the trial, and the solicitor's excesses in this respect are not ground for collateral attack on the conviction. We have commented at some length because this point, and the others argued in the brief, are relevant to appellant's claim that he was denied the effective assistance of counsel.

The representation afforded appellant by his retained trial counsel is vigorously assailed by counsel, who, we infer, were appointed to represent him in seeking post-conviction relief. In the brief, twelve specifications are set forth as "instances where (counsel) should have acted to protect Mr. Taylor's rights, but did not." Specifications 1, 2, 3, 5 and 6 correspond with like numbered grounds of the petition which are quoted in the forepart of this opinion. In each instance, the charge is that counsel should have made the objection or point during the trial but failed to do so. Since we have found these grounds to be without merit, no blame is attributable to counsel for failing to raise them.

The seventh specification is that counsel erred in ■ bringing out appellant's past record. The reference is to the following questions and answers which came early in appellant's direct examination.

"Q. Mr. Taylor, have you ever been in trouble before?
"A. Yes, I have.
"Q. You do have a record?
"A. Yes, I have."

While the solicitor did use these responses as an introduction of his cross-examination of appellant as to his record, they were not needed for this purpose. Appellant in fact had two prior convictions for robbery. These offenses, involving moral turpitude and tending to discredit appellant's credibility, were legitimate subjects of inquiry without any introduction. The voluntary elicitation of the information that appellant had a record was obviously intended to soften the impact of what was certain to follow. The specification is hypocritical.

Specification 9, corresponding to abandoned ground ■ 7 of the petition, charges that counsel "erred in failing to object to the Solicitor's attack on the character of defense witness Lucille Dunmore with his question, 'How long have you been in the county jail now?'" The short answer is that the witness' testimony on direct examination, evidently intended to exculpate the appellant with whom she lived, had already stamped her as a person of such depraved character that an objection for the suggested purpose would have bordered on the ridiculous. The specification is without merit.

Specification 10 unrealistically charges that counsel ■ erred in failing to move for a directed verdict at the close of Dr. Lindler's testimony. This expert was the State's first witness. His testimony was limited to the cause of death and nature of the fatal wound. The suggested motion was not available at the close of his testimony; nor would it have been meritorious if made at the appropriate time.

Specification 11 is that trial counsel failed to adequately investigate the case. The record does not support this charge. Appellant has failed to point out any evidence which could have been discovered by further investigation and which would have been of substantial benefit to appellant.

We quote paragraph 12 of the specifications. "There are other instances of defense counsel failing to provide Mr. Taylor with an adequate defense discussed on page — of the Post-Conviction Relief Transcript." Suffice it to say that we have examined the transcript with care and have been unable to identify either the discussion or the other instances referred to in this specification, on which the brief makes no argument.

The remaining specifications are 4 and 8. The fourth complains of counsel's failure to object to cross-examination of appellant concerning his criminal record. The eighth complains of their not objecting "to the damaging examination of Mr. Taylor's character for his failure" to aid the victim by calling an ambulance, the police or otherwise.

We have held that the solicitor exceeded permissible bounds in cross-examination of appellant concerning his prior record. An objection from defense counsel would certainly have been in order. Additionally, the solicitor conducted a rigorous and somewhat protracted examination of appellant as to why he did not aid the victim after he was subjected to an enormous battery at appellant's home, which left him bloody and dazed. Since the relevant inquiry was whether appellant was a party to the infliction of the battery, not whether he was indifferent toward the victim's plight afterward, this line of cross-examination was improper unless the field was opened up by appellant's testimony in chief. A ruling allowing the cross-examination on this ground would have been within the broad discretion of the court and would not have been disturbed on appeal. *State v. Swilling,* 249 S. C. 541, 155 S. E. (2d) 607 (1967). Nevertheless,

the questions were troublesome to appellant, and counsel, by timely objection, should have sought a discretionary ruling excluding them. Assuming then that counsel erred by failing to interpose timely objections to the two lines of cross-examination above referred to, and that their representation of appellant was less than perfect in other respects, it by no means follows that appellant's constitutional right to the effective assistance of counsel was frustrated.

"It is, of course, well settled that mere perfunctory representation by counsel does not satisfy the constitutional rights of an accused. *Turner v. State of Maryland,* 4 Cir., 1962, 303 F. (2d) 507. On the other hand, 'the quality of the service rendered by counsel meets all requirements of due process when counsel is a member in good standing of the Bar, gives his client his complete loyalty, serves him in good faith to the best of his ability, and, his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice. He is not required to be infallible, nor to do the impossible, since the defendant is entitled to a fair trial and not a perfect one or a perfect result.' *Tillman v. State,* 244 S. C. 259, 264, 136 S. E. (2d) 300, 303. . . ." *Myers v. State,* 248 S. C. 539, 542, 151 S. E. (2d) 665, 666 (1966).

See also 6 West's South Carolina Digest, Constitutional Law, Key 268.1(6) (Cum. Supp.) (1952), and annotation, 74 A. L. R. (2d) 1390 (1960).

The circuit judge found that counsel, confronted with a difficult case, furnished representation to appellant which met constitutional standards of adequacy. Our examination of the trial transcript and of the record on appeal convinces us that the case was indeed a difficult one, in which the State's evidence would have sustained a conviction of murder, and that the court's finding has ample factual support. It is, therefore, conclusive of the issue, and the exception which challenges it is without merit.

Finally, appellant argues that the evidence was insufficient to support a conviction. The statute under which this proceeding was brought expressly proscribes collateral attack on this ground. Section 17-601(a) (6), Code of 1962 (Cum. Supp.).

Affirmed.

Moss, C. J., and LEWIS, BUSSEY, and LITTLEJOHN, JJ., concur.