23182

The STATE, Respondent v. Jimmy MAJOR, Appellant.
(391 S.E. (2d) 235)

Supreme Court

*Chief Atty. David I. Bruck* and *Deputy Chief Atty. .Elizabeth C. Fullwood, S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. General Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

Heard Dec. 6, 1989.

Decided March 19, 1990.

TOAL, Justice:

We address two issues in this appeal: (1) whether the offense of simple possession of cocaine is a crime of "moral turpitude"; and (2) whether the appellant placed his good character into issue such that a prior conviction could be introduced into evidence.

## FACTS

The appellant, Jimmy Major, was convicted for the offenses of distribution of crack cocaine and distribution of crack cocaine within a one mile radius of a school ground. We affirm his convictions.

On April 28, 1988, Officers Douglas Pernell and Mike Buxton were conducting undercover drug operations in the City of Olanta, South Carolina. Officer Pernell testified that he met Major that day in the "Quarters," an area of Olanta targeted by the police for drug "sting" operations. Officer

Pernell stated that he had met Major several times before in this same area. In their April 28th meeting, Officer Pernell testified, Major offered to sell him some "rock" cocaine for twenty-five dollars. Officer Pernell agreed and the sale was made, after which Pernell took the cocaine, dated and labeled it, and filed a report. Pernell testified that he was face-to-face with the appellant and that he was positive that he had identified the right individual.

Officer Buxton substantiated Pernell's testimony, stating that on April 28, 1988, Pernell delivered a quantity of cocaine to him, stating that he had bought it from a subject by the name of Jimmy Major. Buxton also testified that a schoolhouse was within three hundred yards of the drug sale.

In defense, Officer Pernell's memory was attacked, and Major presented his sister as an alibi witness. Major then took the stand himself, testifying that he had never seen Officer Pernell before, and that he was with his sister at the time of the alleged crime.

## LAW/ANALYSIS

### I. POSSESSION OF COCAINE AS A CRIME OF MORAL TURPITUDE

Whether Major's prior conviction for simple possession of cocaine can be introduced into evidence is the focus of this appeal. In a brief hearing before Major took the stand, the solicitor agreed that he would not seek to introduce Major's prior possession conviction as a crime of moral turpitude. It was recognized during the hearing that this Court has previously held that simple possession of cocaine is not a crime of "moral turpitude." *See State v. Ball*, 292 S.C. 71, 354 S.E. (2d) 906 (1987). We now revisit this question, and we overrule *Ball*.

When an accused takes the stand, he becomes subject to impeachment, like any other witness. Regardless of whether the accused offers evidence of his good character, an accused who takes the stand may be cross-examined about "past transactions tending to affect his credibility." *State v. Allen*, 266 S.C. 468, 482, 224 S.E. (2d) 881, 886 (1976).

These "past transactions" are divided into two categories. First, the accused may be asked about prior bad acts, not the subject of a conviction, which go to his credibility. The cross-examiner must take the accused's answer concerning these alleged acts, however, and if the accused denies them, he may not be contradicted. *Allen*, 266 S.C. at 482-83, 224 S.E. (2d) at 886. Second, the accused may be impeached by the introduction into evidence of convictions for crimes of moral turpitude, since they too are past transactions tending to affect credibility. *Taylor v. State*, 258 S.C. 369, 188 S.E. (2d) 850 (1972).

In *State v. Ball*, 292 S.C. 71, 354 S.E. (2d) 906 (1987), we held that the crime of possession of cocaine was not a crime of moral turpitude since it involved "primarily self-destructive behavior." 292 S.C. at 74, 354 S.E. (2d) at 908. We noted in *Ball* that, "[i]n determining whether a crime is one involving moral turpitude, the Court focuses primarily on the duty to society and fellow men which is breached by the commission of the crime." 292 S.C. at 74, 354 S.E. (2d) at 908.

We retain the test articulated in *Ball* for determining whether a crime qualifies as one of "moral turpitude," but we overrule *Ball* because of its holding regarding cocaine possession. The drug "cocaine" has torn at the very fabric of our nation. Families have been ripped apart, minds have been ruined, and lives have been lost. It is common knowledge that the drug is highly addictive and potentially fatal. The addictive nature of the drug, combined with its expense, has caused our prisons to swell with those who have been motivated to support their drug habit through criminal acts. In some areas of the world, entire governments have been undermined by the cocaine industry. As stated by Chief Justice Gregory in his dissent in *Ball*, "[o]ne who possesses this controlled substance, even for his own use, fosters the prosperity of the lucrative and destructive industry of illicit cocaine manufacture and trafficking." *Ball*, 292 S.C. at 75, 354 S.E. (2d) at 909. (Gregory, C.J. dissenting). Because of our present "war on drugs," and because any involvement with cocaine contributes to the destruction of ordered society, we hold that mere possession of cocaine is a crime of moral turpitude.

Our overruling of *Ball* is inapplicable to this appellant, however, and we therefore must determine whether Major's conviction for possession of cocaine can come into evidence through other means. We hold that it can.

## II. INTRODUCTION OF EVIDENCE OF THE ACCUSED'S GOOD CHARACTER

When the accused offers evidence of his good character regarding specific character traits relevant to the crime charged, the solicitor has the right to cross-examine him as to particular bad acts or conduct. *State v. Allen*, 266 S.C. 468, 224 S.E. (2d) 881 (1976); *State v. Gibert*, 196 S.C. 306, 13 S.E. (2d) 451 (1941). The State is restricted, however, to showing bad character only for the traits initially focused on by the accused. 23 C.J.S. *Criminal Law* § 820 (1989).

As with the rule on introducing evidence of "past transactions tending to affect credibility," this rule allows for the introduction of: (1) prior bad acts, not the subject of a conviction, which may be inquired about, but for which the answer of the accused must be taken; and (2) prior convictions, which may be proven by extrinsic evidence. *State v. Allen*, 266 S.C. 468, 482-83, 224 S.E. (2d) 881, 886 (1976).

Here, Major denied that he frequented the notorious "Quarters" area.[1] Next, when asked by the solicitor about his involvement with the "Quarters," and whether he was aware of the selling of "crack" cocaine in that area, Major responded that he had "*nothing* to do" with any such business. (Tr. 43, 11. 13-17). At one point, Major stated, "I just tend to my own business when I'm down there (in the Quarters)." (Tr. 43, 11. 19-20). Lastly, on direct examination, when asked if he sold drugs on April 28, 1988 to Officer Pernell, Major answered, "[n]o sir" and then volunteered "I do not sell drugs." (Tr. 94, 11. 5). We hold that this unresponsive answer, coupled with Major's other testimony, was a clear attempt by Major to communicate to the jury that he is not the sort of individual who would become involved in the drug trade.

---

[1] He later admitted that he visited the area about four times a week.

Having introduced evidence of his own good character on the issue of involvement in drugs, Major thereby became subject to cross-examination on that assertion. We therefore hold that the trial judge committed no error when he allowed the State to inquire further into Major's character on this point. The solicitor asked Major if he had ever used cocaine, to which Major replied in the negative. Major next denied that he had ever possessed cocaine. As mentioned earlier, when a prior conviction may properly be introduced, it may be proven by extrinsic evidence. We hold that the trial judge therefore properly allowed the State to introduce into evidence Major's April 27, 1988 plea of guilty to the offense of simple possession of cocaine.

Accordingly, the judgment of the lower court is affirmed.

GREGORY, C.J., and HARWELL and CHANDLER, JJ., concur.

FINNEY, J., dissenting in separate opinion.

FINNEY, Justice, dissenting.

## LAW/ANALYSIS

### I. POSSESSION OF COCAINE AS A CRIME OF MORAL TURPITUDE

"Moral turpitude involves an act of baseness, vileness, or depravity in the social duties which a man owes to his fellow man or society in general, contrary to the accepted and customary rule of right and duty between man and man." *State v. Harvey*, 275 S.C. 225, 268 S.E. (2d) 587, 588 n. 1 (1980). In determining whether a crime is one involving moral turpitude, the Court focuses primarily on the duty to society and fellowman which is breached by the commission of the crime. *State v. Ball*, 292 S.C. 71, 354 S.E. (2d) 906 (1987).

Crimes which involve primarily self-destructive behavior generally do not involve moral turpitude. *Ball, supra; see, e.g., State v. Morris*, 289 S.C. 294, 345 S.E. (2d) 477 (1986) [bookmaking not a crime of moral turpitude]; *State v. Harvey*, 275 S.C. 225, 268 S.E. (2d) 587 (1980) [simple possession of marijuana not a crime of moral turpitude]; *State v. LaBarge*, 275 S.C. 168, 268 S.E. (2d) 278 (1980) [public drunkenness, disorderly conduct not crimes of moral turpitude]; *Taylor v.*

*State*, 258 S.C. 369, 188 S.E. (2d) 850 (1972) [possession of an unlawful weapon not a crime of moral turpitude].

Possession of cocaine, like possession of marijuana, relates more to self-destructive behavior than to the defendant's duty to other people or to society in general. *Ball, supra.*

The reasons articulated by the majority for overruling *Ball*, in the logical sequence of things, could apply to alcohol, marijuana, even nicotine, caffeine and other drugs which produce harmful effects. Alcohol and marijuana have "torn at the very fabric of our nation." Statistics show that, due to abuse arising from the possession and consumption of alcohol and marijuana, "[f]amilies have been ripped apart, minds have been ruined, and lives have been lost. It is common knowledge that the drug[s] is [are] highly addictive and potentially fatal. The addictive nature of the drug[s], combined with its [their] expense, have caused our prisons to swell . . ." In addition, highway fatalities directly attributable to the abuse of alcohol as a result of its possession and consumption, under the majority's holding, would mandate an immediate reclassification of alcohol followed by other drugs which meet this test.

Under the majority's analysis, any prior possession of cocaine would be the grounds for impeachment on the basis of moral turpitude. I would affirm the holding of *State v. Ball, supra.*

## II. INTRODUCTION OF EVIDENCE OF THE ACCUSED'S GOOD CHARACTER

Since the overruling of *Ball* is inapplicable to this appellant, the majority, in an effort to get away from its sociological theorem and hang its hat on some semblance of legal theory, determines that appellant's prior conviction for possession of cocaine is admissible because he opened the door.

This determination is based upon two reasons; first, the appellant denied that he frequented the *notorious Quarters.*[1] Second, on direct examination, the appellant answered "[n]o sir" to an inquiry as to whether he sold drugs on April 28,

---

[1] The record reveals only a bare assertion by the police that the Quarters was an area of illicit drug activity.

1988, and then followed up by saying that he did not sell drugs.

When stripped of all of the legal niceties, the bottom line appears to be that the majority would allow the introduction of this evidence because the appellant visited the Quarters. In my opinion, the articulated basis is totally insufficient (1) to damn an entire community; and (2) to allow the introduction of clearly prejudicial testimony.

I would hold that appellant did not place his good character into issue such that a prior conviction for possession of cocaine could be introduced into evidence.