## 23574

The STATE, Respondent v. John P. OUTLAW, Petitioner.

(414 S.E. (2d) 147)

Supreme Court

*Asst. Appellate Defender Robert M. Pachak,* of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard Dec. 2, 1991.

Decided Feb. 10, 1992.

GREGORY, Chief Justice:

Petitioner was convicted of second degree criminal sexual conduct with a minor and sentenced to twenty years. The Court of Appeals affirmed. *State v. Outlaw,* — S.C. —, 404 S.E. (2d) 516 (Ct. App. 1991). We reverse and remand for a new trial.

## ISSUE

The sole issue on appeal is whether the trial court erred in charging the jury on the limiting effect of evidence admissible only for impeachment purposes.

## DISCUSSION

On direct examination, petitioner denied the charge against him stating he had "never done nothing like that to no child." Attempting to impeach him, the solicitor on cross-examination questioned petitioner about a prior fraudulent check conviction and a separate alleged sexual assault. Petitioner denied both.

The trial court charged the jury that "[t]he fact that a defendant has had some other crime charged against him does not mean that he would commit this crime. It goes to his credibility as a witness." Petitioner objected to this charge. On appeal, the Court of Appeals held that although the charge could have been better worded, it was harmless error. We disagree.

It is well-settled that when a defendant takes the stand he becomes subject to impeachment like any other witness. *State v. Major*, 301 S.C. 181, 391 S.E. (2d) 235 (1990); *State v. Allen*, 266 S.C. 468, 224 S.E. (2d) 881 (1976). The defendant may be asked about prior bad acts, not the subject of a conviction, which go to his credibility. However, if the defendant denies them, he may not be contradicted. *State v. Major, supra.* The defendant may also be impeached by introducing evidence of prior convictions for crimes of moral turpitude. *Id.* Normally, the impeachment is by the introduction of a *record* of conviction which speaks for itself. *State v. McGuire*, 272 S.C. 547, 253 S.E. (2d) 103 (1979). In the present case, however, petitioner denied the prior conviction for fraudulent checks and no evidence was offered to prove petitioner's prior conviction. Further, petitioner denied the prior bad act, the alleged sexual assault, and he may not be contradicted. *State v. Major, supra.*

In its opinion, the Court of Appeals incorrectly equates prior convictions with prior bad acts. As stated above, prior convictions may be proved by extrinsic evidence if the defendant denies them, but prior bad acts may not. It is when there is evidence of a prior conviction, either by

testimony or introduction of the record of conviction, that the judge must charge the jury upon request that this evidence goes only to credibility. In the present case, the defendant denied both an alleged prior conviction which was not then proved and an alleged prior bad act which could not be proved. Therefore, a limiting jury charge was not necessary. *State v. Arther*, 290 S.C. 291, 350 S.E. (2d) 187 (1986). We hold that under these circumstances, where the defendant objects to a limiting charge, it is error to give such a charge to the jury.

In *State v. Reeves*, 301 S.C. 191, 391 S.E. (2d) 241 (1990), this Court held that "error which substantially damages the defendant's credibility cannot be held harmless where such credibility is essential to his defense." As in *Reeves*, here the crucial issue for the jury's resolution was the conflicting testimony of the accused and the victim. The State's attempt to impeach petitioner was unsuccessful since the Solicitor failed to offer proof of a prior conviction and petitioner denied the prior bad act. We conclude in the absence of any evidence of impeachment the charge improperly impugned petitioner's credibility and, as his credibility was essential to his defense, the error was not harmless. Therefore, we reverse the decision of the Court of Appeals and remand for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.